UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WALTER FANN
        Plaintiff,

v.                              CASE NUMBER: 302CV46 (MRK)

TOWN OF EAST HARTFORD, ET AL.
        Defendants                  FEBRUARY 11, 2004

**DEFENDANTS' ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S**
**AMENDED COMPLAINT DATED MAY 20, 2002**

**I.   PRELIMINARY STATEMENT**

    1.    As to that portion of paragraph 1 which reads "This is an action for money damages" the defendants do not have sufficient knowledge to admit or deny these allegations. The remainder of the allegations of paragraph 1 are denied.

    2.    The allegations of paragraph 2 are denied.

**II.   JURISDICTION**

    3.    As the allegations contained in paragraph 1 are not factual but rather contain plaintiff's claims regarding jurisdiction, no response is required or made.

**III.   PARTIES**

    4.    The defendants do not have sufficient knowledge to admit or deny these allegations.

    5.    So much of paragraph 5 that states "During all times mentioned in this complaint, the defendant, Officer Lawrence Henrickson, Badge #238, was a duly appointed officer in the police department of the Town of East Hartford, CT and was acting in such capacity as an agent, servant and employee of the Town of East Hartford and its police department ," is admitted. As to the remaining allegations in paragraph 5, the defendants

are without sufficient knowledge or information thereof to form a belief as to the truth of said allegations and, therefore, leave the plaintiff to his burden of proof.

6.  So much of paragraph 6 that states "During all times mentioned in this complaint, the defendant, Officer Thomas Castagna, Badge #254, was a duly appointed officer in the police department of the Town of East Hartford, CT and was acting in such capacity as an agent, servant and employee of the Town of East Hartford and its police department ," is admitted. As to the remaining allegations in paragraph 6, the defendants are without sufficient knowledge or information thereof to form a belief as to the truth of said allegations and, therefore, leave the plaintiff to his burden of proof.

7.  So much of paragraph 7 that states "the defendant James Shay was the duly appointed Chief of Police in the police department of the Town of East Hartford and was acting in such capacity as an agent, servant and employee of the Town of East Hartford and its police department," is admitted. As to the remaining allegations in paragraph 7, the defendants are without sufficient knowledge or information thereof to form a belief as to the truth of said allegations and, therefore, leave the plaintiff to his burden of proof.

## IV.   FACTS

8.  So much of paragraph 8 that states "On or about January 8, 2000, at approximately 12:45 a.m. the defendant, Henrickson was on duty as a police officer in the employ of the Town of East Hartford," is admitted. As to the remaining allegations in paragraph 8, they are denied.

9.  The allegations contained in paragraph 9 are denied.

10. The allegations contained in paragraph 10 are denied.

11. The allegations contained in paragraph 11 are denied.

12. The defendants admit that the plaintiff was charged with Burglary, Criminal Mischief, Possession of Burglary Tools and Interfering with an Officer. As to the remaining allegations of paragraph 12 the defendants do not have sufficient knowledge to admit or deny same.

13.   As to the allegations of paragraph 13 the defendants deny that they beat the plaintiff. As to the remainder of the allegations of paragraph 13 the defendants do not have sufficient knowledge to admit or deny same.

14.   As to the allegations contained in paragraph 14, the defendants are without sufficient knowledge or information thereof to form a belief as to the truth of said allegations and, therefore, leave the plaintiff to his proof.

15.   As to the allegations contained in paragraph 15, the defendants are without sufficient knowledge or information thereof to form a belief as to the truth of said allegations and, therefore, leave the plaintiff to his proof.

16.   So much of paragraph 16 as alleges "As a direct and proximate result of the actions and omissions of defendants, Shay, Henrickson, and Castagna herein described," is denied. As to the remaining allegations of paragraph 16, the defendants are without sufficient knowledge or information thereof to form a belief as to the truth of said allegations and, therefore, leave the plaintiff to his burden of proof.

17.   So much of paragraph 17 as alleges "the town provides rules and regulations for operations of its police department," is admitted. As to the remaining allegations of paragraph 17, they are denied.

18.   The allegations of paragraph 18 are denied.

19.   The allegations of paragraph 19 are denied.

20.   The allegations of paragraph 20 are denied.

21.   The allegations of paragraph 21 are denied.

22.   The allegations of paragraph 22 are denied.

23.   The allegations of paragraph 23 are denied.

24.   The allegations of paragraph 24 are denied.

25.   The allegations of paragraph 25 are denied.

## V.  **CLAIMS FOR RELIEF**

First Claim for Relief – Excessive Force

The defendants incorporate by reference herein their responses to paragraphs 1–25 as if fully set forth herein.

26. The allegations contained in paragraph 26 are denied.

27. The allegations contained in paragraph 27 are denied.

28. The allegations contained in paragraph 28 are denied.

29. The allegations contained in paragraph 29 are denied.

Second Claim for Relief – 42 U.S.C. 1983 – Policy or Custom of Town of East Hartford (as to Shay, Castagna, Henrickson in their Individual and Official Capacities)

30. The defendants incorporate by reference herein their responses to paragraphs 1-29 as if fully set forth herein.

31. The allegations contained in paragraph 31 are denied.

32. The allegations contained in paragraph 32 are denied.

33. The allegations contained in paragraph 33 are denied.

Third Claim for Relief – Equal Protection Claim (as to all defendants)

34. The defendants incorporate by reference herein their responses to paragraphs 1 – 33 as if fully set forth herein.

35. The allegations contained in paragraph 35 are denied.

Fourth Claim for Relief – Assault and Battery (Castagna and Henrickson in their Individual and Official Capacities)

36. The defendants incorporate by reference herein their responses to paragraphs 1 – 35 as if fully set forth herein.

37.     The allegations of paragraph 37 are denied.

Fifth Claim for Relief – Intentional Infliction of Emotional Distress (as to Castagna and Henrickson in their Individual and Official Capacities)

38.     The defendants incorporate by reference herein their responses to paragraphs 1 – 37 as if fully set forth herein.

39.     The allegations of paragraph 39 are denied.

40.     The allegations of paragraph 40 are denied.

Sixth Claim for Relief – Malicious Prosecution (as to Castagna and Henrickson in their Individual and Official Capacities)

41.     The defendants incorporate by reference herein their responses to paragraphs 1 – 40 as if fully set forth herein.

42.     The defendants admit that the plaintiff was charged with Interfering with a Police Officer. As to the remaining allegations of paragraph 42 the defendants do not have sufficient knowledge to admit or deny same.

43.     The allegations of paragraph 43 are denied.

Seventh Claim for Relief – Negligent of Emotional Distress (as to Castagna and Henrickson in their Individual and Official Capacities)

44.     The defendants incorporate by reference herein their responses to paragraphs 1 – 43 as if fully set forth herein.

45.     The allegations contained in paragraph 45 are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The actions and conduct of the defendants were objectively reasonable under the circumstances of which they were aware and/or they were in the exercise of their discretion, and they are therefore entitled to qualified immunity.

### Second Affirmative Defense

The actions and conduct of the defendants did not violate any clearly established state or federal constitutional or statutory rights of which the defendants should have been reasonably aware, and they are therefore entitled to qualified immunity.

### Third Affirmative Defense

The plaintiff's complaint fails to state a claim upon which relief can be granted.

### Fourth Affirmative Defense

The plaintiff's claim's are barred by the doctrine of governmental immunity.

### Fifth Affirmative Defense

None of the alleged actions taken by the defendants were the proximate cause of the plaintiff's alleged injuries and/or emotional distress.

Sixth Affirmative Defense

1. At the time of the acts complained of, the plaintiff was negligent and his negligence was a proximate cause of any injuries, damages or losses claimed.

2. Plaintiff's negligence was of a sufficient degree as to constitute a bar or proportionally reduce his claims, pursuant to §52-572(h) of the Connecticut General Statutes:

3. The plaintiff was negligent in one or more of the following respects:

   a. he failed to maintain a reasonable and proper lookout at said time and place;

   b. he failed to be watchful of his surroundings and his footing;

   c. he failed to exercise reasonably his faculties and senses at said time and place;

   d. he physically resisted the defendants' efforts to arrest him, although he knew or should have known that the exercise of reasonable care required not doing so;

   e. he failed to cease physically resisting arrest upon being requested to do so by one or more of the defendants although he knew or should have known that the exercise of reasonable care required doing so;

   f. he voluntarily committed criminal offenses thereby necessitating the involvement of the defendant police officers, he attempted to evade his arrest for those criminal offenses, and chose by his words and/or his conduct to pose a threat to the safety of the defendant officers, although the exercise of reasonable care required not doing so.

Seventh Affirmative Defense

The defendants claim an entitlement to any and all applicable set offs pursuant to C.G.S. §38a-836, et. seq.

                                            Defendants, Town of East Hartford, Thomas Castagna, Officer Lawrence Henrickson and James Shay

BY: _____
Andrew M. Dewey
Baio & Associates, P.C.
15 Elm Street
Rocky Hill, CT 06067
Tele: (860) 571-8880
Fax: (860) 571-8853
Federal Bar No. ct07152
His Attorney

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 11th day of February 2004 to all counsel of record as follows:

Attorney Kimberly A. Graham
621 Farmington Avenue
Hartford, CT 06105

_____
Andrew M. Dewey