UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WALTER FANN                          :
Plaintiff,                           :
                                     :
v.                                   :        CASE NUMBER: 302CV46 (MRK)
                                     :
TOWN OF EAST HARTFORD, ET AL.  :
Defendants                           :        September 16, 2004

## JOINT TRIAL MEMORANDUM

### 1.  Trial Counsel

Counsel for the plaintiff Walter Fann: Attorney Kimberly A. Graham, 621 Farmington

Avenue, 2nd Floor, Hartford, Connecticut 06105, Telephone (860) 523-9306, Facsimile

(860) 523-1274. Kimberly.a.graham@snet.net.

Counsel for defendant Lawrence Henrickson: Andrew M. Dewey, Esq., Baio & Associates,

P.C.,15 Elm Street, Rocky Hill, Connecticut 06067, Telephone (860) 571-8880, Facsimile

(860) 571-8853. adewey@baiolaw.com.

### 2.  Jurisdiction

Jurisdiction of this Court is invoked under the provisions of 28 U.S.C. Sections 1331,

1343(3) and 1367(a) and 42 U.S.C. Sections 1983 and 1988. The Court has supplemental

jurisdiction over the state law claims pursuant to 28 U.S.C. Section 1367.

3.    <u>Jury/Non-Jury</u>

This case is to be tried to a jury.

4.    <u>Length of Trial</u>

The parties estimate that this case will require three trial days exclusive of jury selection.

5.    <u>Further Proceedings</u>

The defendant anticipates that the only further proceedings required will involve the Court's rulings on any motions to quash filed by the defendant in response to any subpoena issued by the plaintiff regarding the defendant's "records of discipline" or his dental records.

6.    <u>Nature of Case</u>

A. <u>Plaintiff's Claims</u>

<u>Federal Claims</u>

1. The Plaintiff alleges that pursuant to 42 U.S. C. Section 1983 and Section 1988, the Defendant violated the Plaintiff's Fourth and Fourteenth Amendment rights to be free from seizure by unreasonable and unlawful use of force. The Plaintiff sees money damages, punitive damages, attorney's fees and costs.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

**State Claims**

1.  The Plaintiff alleges that the Defendant assaulted and battered him causing apprehension of imminent and serious bodily harm and, in fact, inflicted harmful and offensive contact to the plaintiff.  The Plaintiff seeks money damages, punitive damages and attorney fees and costs.

2.  The Plaintiff alleges that the Defendant intentionally, willfully and deliberately caused the Plaintiff to suffer severe emotional distress which the Defendant should have foreseen would result from his actions. The plaintiff seeks money damages, punitive damages and attorney fees and costs.

3.  The Plaintiff alleges that the Defendant negligently caused the Plaintiff to suffer emotional distress which the Defendant realized would result as an unreasonable risk of their actions and omissions.  The plaintiff seeks money damages, punitive damages and attorney fess and costs.

4.  The Plaintiff alleges that the Defendants acted with recklessness and in conscious disregard of the rights of the Plaintiff by pepper spraying and beating the Plaintiff with hands and/or fists and/or feet and/or a flashlight, without provocation or justification. The Plaintiff seeks money damages, punitive damages and attorney fees and costs.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

5.  The Plaintiff alleges that the Defendant was negligent and careless by pepper
    spraying and beating the Plaintiff with hands and/or fists and/or feet and/or a
    flashlight without provocation or justification to the point where the Plaintiff
    required more than a year of medical attention, suffered temporary total
    physical disabilities as well as permanent but partial disabilities.

6.  The Plaintiff alleges that pursuant to C.G.S. Section 7-465 the Defendant is
    liable to pay to the Plaintiff all sums which he becomes obligated to pay by
    reason of any liability imposed upon him as an employee of the Defendant
    Town of East Hartford for damages awarded for the infringement of civil rights
    and physical damages to the person of the Plaintiff as a result of his actions
    as stated in the Plaintiff's statement below. The plaintiff seeks money
    damages, punitive damages and attorney fees and costs.

7.  The Plaintiff alleges that pursuant to C.G.S. Section 52-557n the Defendant is
    liable to pay to the Plaintiff all sums which the Defendant becomes obligated
    to pay by reason of any liability imposed upon them because of negligent acts
    or omissions while acting as an officer or agent within the scope of his
    employment or official duties for the Defendant Towne of East Hartford for
    injuries and losses to the person of the Plaintiff as a result of his actions

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 411580

stated in the Plaintiff's statement below. The plaintiff seeks money damages, punitive damages and attorney fees and costs.

## B. Defendant's Claims

The defendant denies all of the claims made against him by the plaintiff. The defendant claims that the plaintiff resisted arrest and started a physical altercation with the defendant and that the actions of Officer Henrickson were objectively reasonable given the circumstances. The defendant denies that he violated the plaintiff's constitutional rights. He denies that he was negligent and denies that he committed an assault and battery on the plaintiff. The defendant also denies that he intentionally, willfully, recklessly, or deliberately caused the plaintiff any harm. The defendant disputes the plaintiff's characterization of the incident in question and disputes the allegations regarding damages and injuries made by the plaintiff.

The defendant asserts the affirmative defenses of qualified immunity and governmental immunity as to the plaintiff's constitutional claims, governmental immunity as to the plaintiff's state common law claims, and contributory/comparative negligence as to the plaintiff's negligence claim. The defendant asserts that the plaintiff resisted arrest and that any force that was used by the defendant was lawful and used in self-defense. In addition, the defendant asserts an affirmative defense alleging that none of

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416680

his alleged actions were the proximate cause of the injuries and damages alleged by the plaintiff. The defendant asserts that the plaintiff's Second Amended Complaint fails to state claims upon which relief can be granted. (The defendant also asserts via an affirmative defense that he is entitled to all of the applicable set offs pursuant to the provisions of the Connecticut Insurance Guaranty Association Act, C.G.S. §38a-836, et seq., however the defendant concedes that this issue would not come into play unless a jury verdict is entered for the plaintiff.)

Plaintiff's counsel has provided defendant's counsel with a draft of a Second Amended Complaint that the plaintiff intends to file. The defendant does not object to the filing of the Second Amended Complaint. The defendant does object, however, to the plaintiff's summary of his "State Claims" set forth above in this document because the claims listed above in paragraphs 6 and 7 have never     been alleged in any complaint filed in this matter. Furthermore, the Town of East Hartford is no longer a defendant pursuant to the plaintiff's Second Amended Complaint. Any references to the Town of East Hartford as a defendant should be deleted.

7.    **Trial by Magistrate Judge:**

The parties have not agreed to a trial by a Magistrate Judge.

**8.    Evidence:**

Both the defendant and the plaintiff reserve their rights to supplement their

respective witness and exhibit lists, including in response to issues raised and evidence

offered by the parties at trial.  Plaintiff lists the following anticipated witnesses:

### A. Plaintiff's Witnesses

1. **Walter Fann**, 21 Tanglewood Road, Waterbury, CT; Mr. Fann is the named
   Plaintiff in the above captioned action.  He will testify as to the events of
   January 7 – 8, 2000, including why he was in East Hartford, his activities
   before the date(s) in question, the actions of the police and the circumstances
   under which he was beaten and the injuries sustained.  In addition he will
   testify as to his physical and emotional condition before and after the incident
   in question, his various medical treatments, impairments and disabilities. He
   will testify as to his ties to the community, his family and his occupational
   activities.
   The probable duration of Mr. Fann's testimony is estimated to be at least one-
   half (1/2) day.

2. **Barbara Middleton**; Ms. Middleton was the girlfriend of Walter Fann at the
   time of the incident in question. She will testify as to his physical and
   emotional condition before and after the incident in question.
   Estimated time of testimony is 1 hour.

   The defendant objects to the admissibility of Barbara
   Middleton's testimony pursuant to Rules 402, 403, and 802 of the Federal
   Rules of Evidence.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

3. **Myrtle Green**, 21 Tanglewood Road, Waterbury, CT; Mrs. Green is the mother of the plaintiff, Walter Fann. She will testify as to Mr. Fann's family ties, childhood, his physical and emotional condition before and after the incident in question. She will testify as to his character, his drug addiction and his non violent demeanor. Estimated time of testimony is 1 hour.

The defendant objects to the admissibility of Myrtle Green's testimony pursuant to Rules 402, 403, and 802 of the Federal Rules of Evidence.

4. **Cindy Bennett**, Risk Manager, Town of East Hartford, 740 Main Street East Hartford, CT 06108; Ms. Bennet is the Risk Manager for the Town of East Hartford. She will testify as to the filing of the claim with the Town of East Hartford by Walter Fann on or about June 30, 2000. She will also testify as to the processing of such claim.
Estimated time of testimony is 30 minutes.

The defendant objects to the admissibility of Cindy Bennett's testimony because based on information and belief plaintiff's counsel had a telephone conversation with Ms. Bennett, the Risk Manager for the Town of East Hartford, on or about August 26, 2004 without the undersigned counsel's permission or involvement in violation of the attorney-client privilege regarding the same issues that the plaintiff intends to have Ms. Bennett testify to at trial. The defendant also objects pursuant to Rules 402, 403, and 802 of the Federal Rules of Evidence. Furthermore, the defendant objects generally to any evidence the plaintiff intends to introduce at trial regarding the issue of liability insurance coverage pursuant to Rules 402, 403, 411 and 802 of the Federal Rules of Evidence. This is especially so given that the liability insurance carrier, Reliance Insurance Company, was declared to be insolvent pursuant to a liquidation order entered on October 3, 2001 by the Commonwealth Court of Pennsylvania.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 415580

5.  **Sharon A. Miller**, Town Clerk or Custodian of Records, Town of
    East Hartford, 740 Main Street, East Hartford, CT 06108; Will testify as to the
    receipt of a claim, on or about June 30, 2000, made by Attorney Kimberly A.
    Graham on behalf of Walter Fann.

    The defendant objects to the admissibility of Sharon A. Miller's
    testimony pursuant to Rules 402, 403, and 802 of the Federal Rules of
    Evidence.

6.  **Lawrence Henrickson**, Officer East Hartford Police Department,
    East Hartford, CT; Officer Henrickson will testify about the arrest of the
    plaintiff on January 8, 2000 and his conduct with regard to such arrest. He will
    produce the flashlight he had in his possession on the night in question.
    Estimated duration of testimony is 3 hours.

    The defendant does not concede that the flashlight in question can be
    produced.

7.  **Officer Castagna**, East Hartford Police Department, East Hartford, CT;
    Officer Castagna will testify as to his observations of the arrest of the plaintiff,
    Walter Fann.
    Estimated duration of testimony is 1.5 hours.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 410580

8. **Richard A. Matza, M.D.**, Arthritis Center of CT, P.C., Suite 123 Tower II West Main Street, Waterbury, CT 06708; Dr. Matza is expected to testify regarding his treatment of the Plaintiff. Further he will testify as to the nature, extent and causation of Walter Fann's injuries, and the nature, extent and causation of any damages, including past and future medical bills and treatment, pain and suffering, and temporary and permanent, partial disability, and that same are reasonable and related to the subject assault.

   Dr. Matza is expected to testify in accordance with his written reports and notes. Specifically, Dr. Matza, is expected to testify that Walter Fann sustained injury to his neck, right shoulder, arm, hand, and left knee as a result of the assault, Specifically, Dr. Matza is expected to testify as to the partial but permanent injuries that the plaintiff sustained to his neck and knee as a result of the beating by the defendant. He is further expected to testify that it is his opinion that Mr. Fann will continue to have future medical expenses and symptomology due to this incident.

   Dr. Matza is expected to testify based on his medical training, education, experience, background, accepted treatises and texts, examination and treatment of the plaintiff and his review of the plaintiff's entire medical file including MRI, x-rays and radiology reports.
   Duration of expected testimony is 2 hours.

9. **Balazs B. Somogyi, M.D.**, 55 Meriden Avenue, Sutie 2-E, Southington, CT 06489; Dr. Somogyi is expected to testify regarding his treatment of the Plaintiff. Further he will testify as to the nature, extent and causation of Walter Fann's injuries, and the nature, extent and causation of any damages, including past and future medical bills and treatment, temporary and permanent loss of earning capacity, if applicable, pain and suffering, temporary and/or permanent partial disability, if applicable, and that same are reasonable and related to the subject assault.

   Dr. Somogyi is expected to testify in accordance with his written reports and notes. Specifically, Dr. Somogyi is expected to testify that Walter Fann sustained injury to his neck, right shoulder, arm, hand and left knee as a result of the August 8, 1999 assault. He is further expected to

10

testify that it is his opinion that Mr. Fann's diagnosis of chronic cervical syndrome, herniated nucleus pulposus, right sided, C5-C6 and internal derangement of the left knee are consistent with a beating as reported by Mr. Fann..

Dr. Somogyi is expected to testify based on his medical and biomechanical training, education, experience, background, accepted treatises and texts, examination and treatment of Mr. Fann, and his review of his entire medical file including MRI, x-rays and radiology reports. Duration of expected testimony is 1 hour.

The defendant objects to the admissibility of the testimony of Dr. Balazs Somogyi. He was not properly disclosed as an expert witness pursuant to F.R.C.P. 26(a)(2). Any opinions that he has as to the cause of the plaintiff's injuries were not acquired directly through his treatment of the plaintiff. See Salas v. United State of America, 165 F.R.D. 31, 33-34 (1995); Bruneau v. Borden, 644 F. Supp. 894, 895-897 (D. Conn. 1986); Giladi v. Strauch, 2001 WL 388052 (S.D. NY. 2001).

10. **Custodian of Records, Saint Francis Hospital**, Woodland Street, Hartford, CT; Will testify and produce records of treatment of the plaintiff for the date of injury of 1/8/00.

11. **Custodian of Records, Manchester Memorial Hospital**, 71 Haynes Street, Manchester CT 060040; Will testify and produce records of treatment of Walter Fann on or about January 10, 2000.
Duration of expected testimony is 15 minutes.

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

12. **Custodian of Records, Hartford Hospital**, Hartford, CT; Will testify and produce records of treatment of Walter Fann on or about January 8, 2000. Duration of expected testimony is 15 minutes.

13. **Custodian of Records, Ambulance Service of Manchester, LLC** 275 New State Road, P.O. Box 300, Manchester, CT 06045; Will testify and provide records of ambulance service provided to Mr. Fann on January 8, 2000 and January 10, 2000.

14. **Custodian of Records, East Hartford Police Department**, East Hartford, CT; Will testify and produce any and all records of discipline for Lawrence Henrickson. Duration of expected testimony is 15 minutes.

    The defendant objects to the admissibility of the testimony of a representative from the East Hartford Police Department or Town of East Hartford regarding the "records of discipline" for the defendant since such records are the subject of pending discovery objections that were never the subject of a motion to compel filed by the plaintiff prior to the expiration of the discovery deadline of March 15, 2003. The defendant objects to their admissibility pursuant to Rules 402, 403, 404, and 802 of the Federal Rules of Evidence as well as pursuant to C.G.S. §1-210, §1-217, §31-128d and §31-128f.

    The defendant objects to the testimony of any medical witnesses regarding any issues or opinions that were not properly disclosed by the plaintiff pursuant to F.R.C.P. 26(a)(2).

    The defendant reserves the right to object to the testimony of any witness on hearsay and relevancy grounds pursuant to Rules 402, 403, 404, and 802 of the Federal Rules of Evidence.

15. **James W. Shay**, Former Chief of Police, Town of East Hartford, 148 Silky Road, Granby, CT; Will tesifty as to his knowledge of the instant case and the procedures he used when notified of a citizen's intent to sue the police department for civil rights violations.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.

15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

### B. Defendant's Witnesses Likely To Testify

1.  **Officer Lawrence Henrickson**, East Hartford Police Department, 497 Tolland Street, East Hartford, CT 06108; is expected to testify as to the circumstances surrounding the incident that is the subject of this lawsuit, including his involvement with the plaintiff, the criminal charges brought against the plaintiff, the investigation he performed both before and after the plaintiff's arrest, his experience and training as a police officer, his police report, and his observations during the incident. He is also expected to testify as to information he has that is relevant to issues raised by the plaintiff during his case that supports the defense of this matter.
    The expected duration of Officer Henrickson's testimony is approximately two hours including cross-examination.

2.  **Officer Thomas Castagna**, East Hartford Police Department, 497 Tolland Street, East Hartford, CT 06108; is expected to testify as to the circumstances surrounding the incident that is the subject of this lawsuit, including his involvement with the plaintiff, the investigation he performed both before and after the plaintiff's arrest, his experience and training as a police officer, the police report, and his observations during the subject incident. He is also expected to testify as to information he has that is relevant to issues raised by the plaintiff during his case and that supports the defense of this matter.
    The expected duration of Officer Castagna's testimony is approximately ninety minutes including cross-examination.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.

15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

3.  **Lieutenant Timothy McConville**, East Hartford Police Department, 497
    Tolland Street, East Hartford, CT 06108; is expected to testify as to the
    circumstances surrounding the incident that is the subject of this lawsuit,
    including his involvement with the plaintiff, his observations during the
    incident, his knowledge of the incident, the transport of the plaintiff to the
    hospital, his experience and training as a police officer, and his police report
    for the incident. He is also expected to testify as to information he has that is
    relevant to issues raised by the plaintiff during his case that supports the
    defense of this matter.
    The expected duration of Lieutenant McConville's testimony is approximately
    one hour including cross-examination.

4.  **Cheryl Proctor**, Last known address, East Hartford Police Department, 497
    Tolland Street, East Hartford, CT 06108; may be called to testify as to her
    involvement with the incident that is the subject of this action while a member
    of the East Hartford Police Department. She may testify as to her involvement
    with the transport of the plaintiff to and from the hospital after he was
    apprehended, including her observations. She may testify as to her training
    and experience as a police officer and information that she has that is
    relevant to issues raised by the plaintiff during his case that supports the
    defense of this matter.
    The expected duration of Ms. Proctor's testimony is approximately forty-five
    minutes or so including cross-examination.

5.  **Walter Fann**, 21 Tanglewood Road, Waterbury, CT; Mr. Fann may
    be called to testify as to the events of January 7 – 8, 2000, including why he
    was in East Hartford, his activities before the date(s) in question, and his
    actions and the nature and extent of his contact with the defendant and other
    police, medical, and fire personnel. He may also testify as to his criminal
    record and his use of drugs in connection with this incident and his earning
    capacity, his employment history, his prior injuries to parts of his body that he
    claims were injured during this incident, and issues concerning his claim that
    this incident has caused him to become a recipient of social security disability
    benefits.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 411580

The probable duration of Mr. Fann's testimony is estimated to be at least one-half (1/2) day.

Plaintiff objects as to admissibility of his prior criminal record. Rule 401, 403, 609.

## Defendant's Witnesses That May Be Called If Need Arises

1. **Laura Bell**, Strober-General Building Supply Co., Inc., 367 Ellington Road, East Hartford, CT 06108; may be called to testify as to the claimant's employment at General Building Supply Co., Inc., including the circumstances surrounding his departure, the quality of his work, work-related injuries sustained by Mr. Fann, and his income.
The expected duration of Ms. Bell's testimony is approximately 20-30 minutes including cross-examination.

   Plaintiff objects pursuant to Rules 401, 402, 403, 801, and 802.

2. **Nick Berardis**, Strober-General Building Supply Co., Inc., 367 Ellington Road, East Hartford, CT 06108; may be called to testify as to the claimant's employment at General Building Supply Co., Inc., including the circumstances surrounding his departure, the quality of his work, work-related injuries sustained by Mr. Fann, and his income.
The expected duration of Mr. Berardis' testimony is approximately 20-30 minutes including cross-examination.

   Plaintiff objects pursuant to Rules 401, 402, 403, 801, and 802.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

3.    **Angel Figueroa**, Strober-General Building Supply Co., Inc., 367 Ellington Road, East Hartford, CT 06108; may be called to testify as to the claimant's employment at General Building Supply Co., Inc., including the circumstances surrounding his departure, the quality of his work, work-related injuries sustained by Mr. Fann, and his income.
The expected duration of Mr. Figueroa's testimony is approximately 20-30 minutes including cross-examination.

Plaintiff objects pursuant to Rules 401, 402, 403, 801, and 802.

4.    **Sergeant Kenneth Combs**, East Hartford Police Department, 497 Tolland Street, East Hartford, CT 06108; may be called to testify as to the extent and nature of his involvement with the plaintiff, if any, after his arrest. He may also be called to testify as to his knowledge of Officer Henrickson in terms of his training, experience, skills, demeanor, and conduct as a police officer. He may also be called to testify as to any information he has or observations he made with respect to the plaintiff's involvement with Officer Henrickson.
The expected duration of Sergeant Combs' testimony is approximately 30-45 minutes including cross-examination.

Plaintiff objects pursuant to Rules 401, 402, 403.

5.    **Chief Mark Sirois**, East Hartford Police Department, 497 Tolland Street, East Hartford, CT 06108; may be called to testify as to the conduct, training, and experience of Officer Henrickson as a police officer. He may also testify as to any relevant information he has regarding the subject incident.
The expected duration of Chief Sirois' testimony is approximately 30 minutes including cross-examination.

Plaintiff objects pursuant to Rules 401, 402, 403. Not previously disclosed.

6.    **Officer Robert A. Zulick**, East Hartford Police Department, 497 Tolland Street, East Hartford, CT 06108; may be called to testify as to any information he has or any observations he made regarding the plaintiff's conduct, appearance, or conversations the plaintiff may have had with any individuals

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

while he was being processed at the police department as well as before and after he was processed. Officer Zulick is presently in Afghanistan due to military service so it is uncertain as to whether he will be available to testify. The expected duration of Officer Zulick's testimony is approximately 30-45 minutes including cross-examination.

Plaintiff objects pursuant to Rules 401, 402, 403. Not previously disclosed.

7. **Officer John Zavalick**, East Hartford Police Department, 497 Tolland Street, East Hartford, CT 06108; may be called to testify as to any information he has as to the investigation performed by Officer Henrickson after the plaintiff was taken into custody and taken to the hospital.
The expected duration of his testimony is approximately 20-30 minutes including cross-examination.

Plaintiff objects pursuant to Rules 401, 402, 403. Not previously disclosed.

8. **Keeper of Records, East Hartford Fire Department**, 726 Main Street, East Hartford, CT 06108; This individual may be called if necessary so that the East Hartford Fire Department report for the incident can be admitted into evidence.

9. **Keeper of Records, Concentra Medical Center / East Hartford Industrial Healthcare,** 701 Main Street, East Hartford, CT 06108; This individual may be called if necessary so that the plaintiff's medical records regarding his prior shoulder and neck injuries can be admitted into evidence.

10. **Subratu K. Basu, M.D. or his Keeper of Records**, 95 Woodland Street, Hartford, CT 06105; Dr. Basu or his keeper of records may be called if necessary so that the plaintiff's medical records dated 1/14/00 and/or 2/3/00 can be admitted into evidence.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

**C.  Plaintiff's Exhibits:**

1.  Arrest Reports (including but not limited to the Cap Stun Report, Seizure of Property) of Walter Fann as prepared by members of the East Hartford Police Department, dated January 8, 2000;

2.  Medical Reports from Hartford Hospital, dated January 8, 2000;

3.  Medical Reports (including disability note) from Saint Francis Hospital dated, January 12, 2000;

4.  X-ray of cervical spine, Saint Francis Campus dated, March 31, 2000; Defendant objects to the extent that he does not believe that he has ever been provided with this report.

5.  Alcohol and Drug Recovery Centers Reports dated, March 23, 2000, March 30, 2000, April 3, 2000;

> Defendant objects to the extent that he does not believe that he has ever been provided with the record dated April 3, 2000.

6. Saint Francis Hospital Reports, March 30, 2000;

7. Saint Francis Hospital Reports, April 3, 2000;

8. Saint Francis Hospital Reports, April 13, 2000;

9. Disability and Progress notes, dated 6/20/00 – Saint Francis Hospital – Ambulatory Services;

10. Physical Therapy Prescription, dated 6/6/00 – Saint Francis Hospital;

11.  Medical Reports from Manchester Memorial Hospital, dated January 10, 2000;

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

12.  Medical Reports from Saint Francis Hospital, dated 9/22/00;

13.  Medical Reports from Greater Hartford Orthopedic Group, PC dated 7/18/00 and 9/27/00;

14.  Medical Reports of Dr. Matza from 11/6/00- 12/3/03;

15.  MRI of the left knee, dated 11/24/00;

16.  Medical Statement from Dr. Matza, dated 1/8/01 on State of Connecticut – Department of Social Services form;

Defendant objects to the extent that he does not believe that he has ever been provided with this document.

17.  Medical Statement from Dr. Kruger, dated 9/27/00 on State of Connecticut – Department of Social Services form;

Defendant objects to the extent that he does not believe that he has ever been provided with this document.

18.  Medical Reports of Dr. Somagyi including dates August 20, 2001 through October 28, 2003;

Defendant objects to the admissibility of the medical reports of Balazs B. Somogyi, M.D. pursuant to Rules 402, 403, 704, and 802 of the Federal Rules of Evidence. The defendant objects to the letter of Dr. Somogyi dated October 28, 2003 addressed to plaintiff's counsel pursuant to the Rules cited above, but also because Dr. Somogyi was not properly disclosed in accordance with the requirements of F.R.C.P. 26(a)(2). The defendant is prejudiced as a result.

19.  MRI of the Cervical Spine, dated 4/8/00 performed at the MT Sinai Campus, Saint Francis Hospital;

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

20. Decision in the Claim of Walter E. Fann, Dated, 12/14/01, Social Security Administration, Office of Hearings and Appeals;

Defendant objects to the admissibility of this document pursuant to Rules 402, 403, 702-705, and 802 of the Federal Rules of Evidence. In addition, this document contains hearsay statements as to the opinions of various doctors, experts, and/or medical personnel. The defendant also objects because the plaintiff failed to comply with the disclosure requirements of Rules 26(a)(2) and Rule 26(e) of the Federal Rules of Civil Procedure thereby prejudicing the defendant's ability to defend this case.

21. Hartford Courant Article, dated 1/23/02 by Oshrat Carmiel;

Defendant objects to the admissibility of this document pursuant to Rules 402, 403, 704, and 802 of the Federal Rules of Evidence. Furthermore, the plaintiff has never disclosed this document to the defendant pursuant to the rules of discovery or otherwise.

22. Hartford Courant Article, dated January 2000;

Defendant objects to the admissibility of this document pursuant to Rules 402, 403, 704, and 802 of the Federal Rules of Evidence. Furthermore, the plaintiff has never disclosed this document to the defendant pursuant to the rules of discovery or otherwise.

23. Medical Treatment reports from Industrial Health Care with regard to work related injury of 5/16/98;

24. Medical records re: Lawrence Henrickson from Dr. Ryan;

Defendant objects to the admissibility of his medical records authored by William Ryan, D.M.D. pursuant to Rules 402, 403, 404, and 802 of the Federal Rules of Evidence.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

25. Letter dated June 27, 200 from Attorney Kimberly A. Graham to Town of East Hartford;

Defendant objects to the admissibility of this document pursuant to Rules 402, 403, 704, and 802 of the Federal Rules of Evidence. Furthermore the defendant does not believe that the plaintiff has ever disclosed this document to the defendant pursuant to the rules of discovery or otherwise.

26. Letter from Sharon A. Miller, Town Clerk, Town of East Hartford to Attorney Kimberly A. Graham, dated, June 30, 2000;

Defendant objects to the admissibility of this document pursuant to Rules 402, 403, 704, and 802 of the Federal Rules of Evidence. Furthermore, the plaintiff has never disclosed this document to the defendant pursuant to the rules of discovery or otherwise.

27. Pictures from scene of incident behind old Ramada Inn of garbage area and trash bins (taken recently by Attorney Graham);

The defendant objects to the admissibility of the plaintiff's pictures and/or photographs pursuant to Rules 402, 403, 802, and 1002 and Local Rule 83.13.

28. Letter from State of Connecticut Worker's Compensation Commission, dated October 15, 1983 to Attorney Kimberly Graham;

Defendant objects to the admissibility of this document pursuant to Rules 402, 403, 704, and 802 of the Federal Rules of Evidence. Furthermore, the plaintiff has never disclosed this document to the defendant pursuant to the rules of discovery or otherwise.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 411580

29. Report from Dr. Ryan (Rebuttal Evidence)

Defendant objects to the admissibility of his medical records authored by William Ryan, D.M.D. pursuant to Rules 402, 403, 404, and 802 of the Federal Rules of Evidence. Furthermore, it is unclear from this ambiguous description whether the plaintiff has ever disclosed this document to the defendant pursuant to the rules of discovery or otherwise.

30. East Hartford Police Department General Order 03.14.02, 03.16.00, 03.16.02, 03.16.04, 031610, 03.16.02, 03.16.14

Defendant objects pursuant to Rules 401 – 403 and 802 of the Federal Rules of Evidence.

31. East Hartford Police Department Rules of Ethics. Chapter VI 6.1., 6.3

Defendant objects pursuant to Rules 401 – 403 and 802 of the Federal Rules of Evidence.

32. East Hartford Police Department General Order 99.02.00 (2 pages)

Defendant objects pursuant to Rules 401 – 403 and 802 of the Federal Rules of Evidence.

33. East Hartford Police Department General Order 99.02.00 – Use of Deadly Force. Date if Issue 01/2/91

Defendant objects pursuant to Rules 401 – 403 and 802 of the Federal Rules of Evidence.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 415580

34. Conn. Gen. Stat. Section 53s-3 (4) (5)

Defendant objects pursuant to Rules 401 -- 403 and 802 of the Federal Rules of Evidence.

The defendant reserves his right to object to the admissibility of any of the records/documents listed by the plaintiff as exhibits pursuant to Rules 402, 403, 704, and 802 of the Federal Rules of Evidence.

The defendant objects to the admissibility of his "discipline records" or any testimony regarding same since they are the subject of pending discovery objections that were never the subject of a motion to compel filed by the plaintiff prior to the expiration of the discovery deadline of March 15, 2003. The defendant objects to their admissibility pursuant to Rules 402, 403, 404, and 802 of the Federal Rules of Evidence as well as pursuant to C.G.S. §1-210, §1-217, §31-128a and §31-128f.

**D. Defendant's Exhibits:**

**The defendants may offer the following exhibits at trial depending upon the plaintiff's presentation of his case:**

**Defendant's Exhibit 501**: East Hartford Police Department report completed by Officer Henrickson for the subject incident (case # 200001080010).

**Defendant's Exhibit 502**: East Hartford Police Department report completed by then Sergeant McConville for the subject incident (case # 200001080012).

**Defendant's Exhibit 503**: Certified record of the disposition of the criminal charges brought against the plaintiff due to the subject incident.

**Defendant's Exhibit 504**: Memo dated March 10, 1999 from Angel Figueroa Sr. of General Building Supply Co., to the plaintiff regarding his attendance at work.

Plaintiff objects pursuant to Rules 401, 402, and 403.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

**Defendant's Exhibit 505**: Termination letter dated April 5, 1999 from Laura Bell of General Building Supply to the plaintiff.

Plaintiff objects pursuant to Rules 401, 402, and 403.

**Defendant's Exhibit 506**: Departmental Memorandum dated January 16, 2000 from Sergeant McConville to Lieutenant Fowich regarding the subject incident.

**Defendant's Exhibit 507**: Plaintiff's Social Security Earnings Statement for the years 1972-2000.

Plaintiff objects pursuant to Rules 401, 402, and 403.

**Defendant's Exhibit 508**: Dr. Richard Matza's letter/report dated October 29, 2003.

**Defendant's Exhibit 509**: East Hartford Industrial Health Care report dated May 18, 1998 and related questionnaire completed by the plaintiff.

**Defendant's Exhibit 510**: East Hartford Industrial Health Care report dated October 27, 1998 and related questionnaire completed by the plaintiff.

**Defendant's Exhibit 511**: Portions of Connecticut Law Enforcement Handbook Field Manual provided to the defendant prior to the subject incident regarding use of force issues, probable cause, and elements of relevant crimes.

**Defendant's Exhibit 512**: East Hartford Police Department General Orders 3.10.00 regarding use of non-deadly force, effective April 23, 1990.

**Defendant's Exhibit 513**: East Hartford Police Department Rules & Regulations with effective date of July 1, 1979.

**Defendant's Exhibit 514**: East Hartford Police Department General Order 01.03.07 (effective date of October 5, 1992) regarding use of OC Aerosol Agent

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

**Defendant's Exhibit 515**: East Hartford Police Department Special Order 99.02.00 regarding the use of deadly force (effective January 29, 1991).

**Defendant's Exhibit 516**: East Hartford Police Department General Order 3.10.07 Use of Force Addendum A, effective October 10, 1996.

**Defendant's Exhibit 517**: East Hartford Fire Department report for the subject incident dated January 8, 2000.

**Defendant's Exhibit 518**: Medical records identified by the plaintiff as being those of Subratu K. Basu, M.D. dated January 14, 2000 and/or February 3, 2000.

Depending on the plaintiff's presentation of his case and the Court's evidentiary rulings the defendant may offer the medical report of Howard M. Weinick, Ph.D dated September 5, 2001 as evidence. Plaintiff objects as to hearsay and relevance.

The defendant does not expect any witnesses to testify by deposition at trial, however, the defendant does respectfully reserve his right to use the deposition testimony of other witnesses for impeachment purposes or for any other purpose permitted by the Federal Rules of Evidence.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

9.    **Stipulations and Proposed Findings of Fact and Conclusions of Law:**

    A. **Written Stipulation of Uncontroverted Facts**

        1.  On January 8, 2000, the Defendant Lawrence Henrickson was an agent and employee of the Town of East Hartford, acting in his official capacity in the performance of his duties and within the scope of his employment therein, and acting under color of state law.

    B. **Agreed Statement of Contested Issues of Fact and Law**

       **Contested Issues of Fact**

    (1) Whether or not the plaintiff resisted arrest and provoked a physical altercation with Officer Henrickson.

    (2)  Whether or not Officer Henrickson provoked a physical altercation with the plaintiff.

    (3) The substance of any communications between the plaintiff and Officer Henrickson.

    (4)  Whether or not the plaintiff posed any danger or threat to the Defendant or anyone else.

    (5)  Whether or not the plaintiff was perceived as a danger or threat by the Defendant.

    (6)  The extent of any physical contact between the plaintiff and the defendant.

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

(7)  The nature and extent of the defendant's involvement in the subject incident.

(8)  Whether or not the plaintiff suffered any injuries on January 8, 2000 during the subject incident.

(9)  The extent of any injuries, damages or losses alleged by the plaintiff.

(10)  The nature and substance of the information the plaintiff provided health care providers about the incident, his alleged injuries, and his prior medical history.

(11)  The nature and extent of any injuries or medical conditions the plaintiff had prior to January 8, 2000.

(12)  The motivations of the plaintiff and Officer Henrickson during the subject incident.

(13)  The plaintiff's work capacity both before and after the subject incident.

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580