**Contested Issues of Law**

(1) Whether the plaintiff was the subject of unreasonable force?

(2) Whether the plaintiff was the subject of an assault and batter, intentional infliction of emotional distress, negligent infliction of emotional distress, recklessness or negligence?

(3) Whether the defendant is entitled to qualified immunity on the state law claims:

(4) Whether the use of force by the defendant police officer was objectively reasonable under the totality of the circumstances?

(5) Whether or not the defendant used excessive force in arresting the plaintiff on January 8, 2000 in violation of the plaintiff's right to be free from unreasonable seizures as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and by the Constitution of the State of Connecticut.

(6) Whether or not the defendant violated the plaintiff's rights to equal protection of the law and due process under the United States Constitution and the Connecticut Constitution.

(7) Whether or not the defendant committed an actionable assault and battery on the plaintiff.

(8) Whether or not any force used by the defendant was lawful and used in self-defense.

(9) Whether or not the plaintiff has set forth a viable claim for intentional infliction of emotional distress.

(10) Whether or not the plaintiff has set forth a viable claim for negligent infliction of emotional distress.

(11) Whether or not the alleged actions or inaction of the defendant

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**

15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 410680

proximately caused a deprivation of the plaintiff's constitutional rights.

(12) Whether or not the actions of the defendant was the proximate cause of the plaintiff's alleged injuries, damages, and losses.

(13) Whether or not the defendant is entitled to qualified immunity.

(14) Whether or not the defendant is entitled to governmental immunity.

(15) Whether or not the plaintiff's Second Amended Complaint sets forth any claims upon which relief can be granted.

(16) Whether or not the plaintiff's negligence was a proximate cause of any injuries, damages, or losses claimed so as to bar or proportionally reduce his claims pursuant to C.G.S. § 52-572(h).

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**

15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

### Plaintiff's Voir Dire Questions

**General**

(1)  As a preliminary matter, if you are selected as a juror in this case, does of any of you know of any reasons why you could not sit as an impartial juror?  If yes, please explain.

(2)  Do any of you have prior experience on a jury?  If so, please describe.

(3) Do any of you have a friend or close relative that has been involved as a plaintiff or defendant in a lawsuit for money damages?  If so, please describe.

(4) Have any of you testified before a state or federal grand jury or in a court of law or been a witness in a lawsuit?  If so, please describe.

(5) Have you ever studied law, criminal justice or medicine?  If so, please explain.

(6)  If the case before you indicates that damage should be awarded, will you be willing to award a sum of money for the full amount of damages proved, regardless of how high it is?

(7) Do any of you feel that a person should not have a right to bring a lawsuit requesting damages if he or she is injured due to the fault of another party?  If so, please explain why.

(8) Do any of you feel that people generally bring too many lawsuits?  If so, please explain why you feel this way.

> a.  Would such a feeling prevent you from awarding full, fair and adequate damages to the plaintiff, Walter Fann, in this case, if the evidence supports the awarding of damages? If yes, please explain.

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 411580

(9) Do any of you feel that people who are arrested by the police have not right to bring lawsuits against them for the use of unreasonable and/or excessive use of force?

## Liability

(1)  There are two aspects to this case.  First, you will determine whether the conduct of the defendants makes them liable to the plaintiff, Walter Fann, for the injuries he suffered.  Only if you find a defendant liable do you then move on to determine damages. Would any of you, if the evidence supported a finding that one or more defendants is liable to the plaintiff, Walter Fann, have any hesitancy in warding full, fair and adequate damages based upon the evidence to Walter Fann, to compensate him for the injuries he sustained? If yes, please explain.

(2)  Have you or anyone you know been arrested by the police?  If yes, please describe the circumstances and whether any injuries were suffered.  Would that experience affect your ability to sit as an impartial observer in this case?  If yes, please explain.

(3)  Are you, any members of your family or close friends police officers?  If so, were any of those family members or friends injured during the course of an arrest?  If yes, please describe the circumstances.  Would anything about that experience affect your ability to sit as an impartial juror in this case?

(4)  In this case, the plaintiff, Walter Fann alleges that he suffered injuries as a result of unreasonable and excessive force used by the defendant, Henrickson.  He does not contest the legality of the arrest.

   a.  Do any of you feel that you could not, under any circumstances, find that police officers could use unreasonable or excessive force during the course of an arrest?

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 410580

b.  Do any of you believe that, you could not, under any circumstances, award money for injuries suffered by the plaintiff, Walter Fann, as the result of unreasonable and/or excessive use of force where he does not contest the reasons for his arrest?

## Ideas About Police and Law Enforcement

(1)  Have you or anyone closed to you ever been employed in any capacity by a law enforcement agency?

(2)  Is that yourself or someone else?

(3)  If someone else, what is the relationship to you?

(3)  What position do you/she/he hold?

(4)  For how long?

(5)  Have any complaints of any misconduct or unreasonable force been filed against you/she/he?  If yes, please explain. If no, have you or anyone else close to you ever applied for a job in law enforcement?

(6) Have you ever contemplated applying for a law enforcement job of any kind? If yes, please explain.

(7) Do you ever have occasion to discuss police work- especially the dangers of police work with anyone yo9u know who is in the field of law enforcement?  If yes, please explain.

(8)  What did you discuss?

(9)  What are your impressions about the dangers and duties of police work?

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 410680

(10)  What concern do you have, if any, about that person's safety on the job?

(11)  This is a case that concerns laws enforcement against civil rights of individuals.

(12)  Would your knowledge of police work that you obtained from the person who you described that is involved in laws enforcement make it difficult for you to view the plaintiff's concerns, in this case, that his civil rights were violated, objectively? If yes, please explain.

(13)  What contact have you had with police officers or other law enforcement officers through your work? In your neighborhood? In your social life? In any other aspects of your life?

(14)  Do you believe that police officers, in enforcing the law, also have a duty to comply with the law, in all circumstances? Please explain.

(15)  The court will instruct you that all witnesses should be judged based entirely on the credibility of the testimony, which they offer, and their demeanor on the witness stand. Do you feel you could comply with this instruction, in this particular case, and not favor one side or the other, just by virtue of whom they are? If no, why not.

(16)  In general, do you think that you would be inclined to give greater weight to the testimony of a police officer than you would to the testimony of an ordinary citizen, just by virtue of the fact that he or she is a police officer? If yes, please state why that is so.

(17)  By the same token, do you thing that you would be inclined to give less weight to the testimony of a police officer, when compared to the testimony of an ordinary citizen, just by virtue of the fact that he or she is a police officer? If yes, please explain why that is so.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 410580

(18)  Some people feel that police testimony should be given greater weight that the testimony of an ordinary citizen, since p9olice officers are charged with upholding the law.  Do any of you feel that way?  If yes, why is that so?

(19)  Have you heard or read about incidents of police misconduct or use of unreasonable force? If yes, please explain.

(20)  This case involves allegations of police misconduct.  Do you think what you have heard or read would tend to influence you? If yes, please explain.

(21)  What are your opinions about how the problem of police misconduct should be handled?

(22)  Do you have an opinion of which is more important, law and order, or preserving people's constitutional rights?  If so, what is your opinion?

(23)  Have you ever expressed any opinion in conversation with to others concerning the problems of police brutality or misconduct?  If so, what opinions have you expressed?  Please discuss.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.

15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416180

## A. IV.  BURDEN OF PROOF

A.  Would you follow the Judge's that the plaintiff in his case, **Walter**

Fann, has the burden to prove his case by what is called, a "fair preponderance of the

evidence", which means that he must demonstrate that the fact he presents are likely to be

true.  In other words, if you assume that the scales stand balanced, the evidence presented

by the plaintiff tips the scales ever so slightly in his favor, you must decided for him on that

particular issue.

B.  In following the Judge's instructions regarding preponderance of the

evidence, would you be able to distinguish between the civil standard of preponderance of

the evidence, which is a lesser standard of proof, than the criminal standard of beyond a

reasonable doubt, since in a criminal case, the scales must be tipped to such an extent that

any reasonable doubt as to the guilt of the defendant is eliminated while in a civil case, the

plaintiff need only tip the scales slightly in his favor.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 410580

## Rights

(1)  Are you willing to enforce the civil rights of Mr. Fann as any other right he and you are entitled to as citizens of this country?

(2)  This is a lawsuit brought by a private citizen against a member of the East Hartford Police Department.  Do you agree that citizens who believe they have been treated illegally or unfairly have a right to bring suit against police officers?

(3)  Are you comfortable with trying to decide, after the fact, whether a police officer had a good reason to spray Mr. Fann, an unarmed man, with pepper spray and then beat him with his fists and a flashlight?

(4)  Do you have any problem with the idea of a citizen who has been arrested and does not contests his arrest but sues the police officer who arrested him because of actions the officer claims that he (the officer), took in the line of duty?

(5)  Some people think that even thought the police make mistakes and use more force than is reasonably necessary, that is the price we have to pay for police protection. Do you agree with them? Please explain.

(6)  This case involves a claim by Mr. Fann, a forty-three year old, asthmatic man that the defendant police officer violated his right to be free from unreasonable seizure by use of force guaranteed by the Fourth Amendment to the United States Constitution when he sprayed him with pepper spray and beat him with fists and/or a flashlight and/or his feet. The defendant officer claims that he was justified in spraying and beating Mr. Fann after Mr. Fann ran and hid from him in very early morning hours. Is there anything about these alleged facts and, in particular, the charges that the officer physically abused Mr. Fann, which would prevent or make it difficult for you to be a fair and impartial juror?

(7)  Would you have any hesitancy in reaching a verdict for Mr. Fann merely because this is a civil rights case against a police officer?

LAW OFFICES OF BAIO & ASSOCIATES, P.C.

15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416480

(8)  Would you have any hesitancy in reaching a verdict for Mr. Fann if you learned that Mr. Fann pled guilty for the offense for which he was arrested?

## Race

(1)  The plaintiff, Water Fann, is an African-American. His color is black. We all have preconceptions about other people.  These preconceptions, or prejudices, are usually unconscious.  But these stereotypes and feeling affect how you view the testimony and fact that you think are realistic.  We ask that you look to those possible prejudices and tell us what they may be.

(2)  Tell us about what contacts you have had with African-American people in your life. Do you have any close friends who are races other than your own? Please explain. Do you visit each other's home?

(3)  Have you had any negative experiences with African-Americans or members of other minority groups?

(4)  Have you heard negative or derogatory comments about African-American or Black persons?

(5)  Can you put aside any opinions or preconceptions that you may have from your experiences to give Mr. Fann a fair trial?

(6)  How many of you feel that racial discrimination is a problem our society today?

(7)  Have you or someone you know ever been discriminated against because of raced, ethnic background, gender, religion or sexual preference?

(8)  Have any of you ever felt afraid of someone of a raced other than your own?  Please explain.

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

(9)  Would any of you, based upon past experiences or otherwise, tend to have any difficulty being fair to Walter Fann due to his race?

## B.    VI. EXPERT WITNESSES

1.  The Judge will instruct you that an expert witness is someone who possesses knowledge beyond that of an ordinary person which will assist the jury in clarifying or determining an issue in the case. Do you understand that when addressing the credibility of an expert witness, you determine such credibility in the same manner that you would with any other witness, namely by assessing based upon the expert witness background, testimony, and demeanor, whether their testimony appears credible?

## Damages

## Compensatory Damages

(1) Compensatory damages consist of, consistent wit the evidence, monies for medical bills, lost wages, pain and suffering, and loss of enjoyment of life's activities and loss of dignity which, if permanent, may be awarded over the plaintiff's entire expected life span, based upon standard actuarial tables.

a.  Do any of have a problem awarding full, fair and adequate damages covering all of these issues just listed if the evidence supported such an award?

b.  Do any of have you have any problems with awarding damages, if supported by evidenced, for pain and suffering?  If yes, please explain.

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 411580

    c. Do any of you have any problems with awarding damages for permanent injuries, covering the plaintiff's entire statistical life expectancy, if supported by the evidence?  If yes, please explain.

    d. Is there a preconceived amount of damages already set in your mind before you hear this case, above which you do not feel you could go, regardless of the evidence?  Please explain.

## Punitive Damages

    (1) You will also be instructed that punitive damages may be awarded, if liability is found, when the conduct of an individual defendant is so egregious as to exhibit reckless disregard for the rights of the plaintiff, Walter Fann, so as to require an award which is additional to compensatory damages, whose purpose is to punish that defendant or deter them from future similar misconduct.

    a. Do any of you believe that you would have difficulty, if the evidenced supported it, with the concept of awarding punitive damages, in this particular case?  Please explain.

    (2)  The court will instruct you that either side may suggest, in closing argument, a lump sum or formula for you to use in calculating damages, in the event that you first find the defendant liable in this matter. Would you be able to listen to any such suggested guideline, keeping in mind that it is merely an argument of counsel and that the ultimate decision as to what constitutes fair, just and reasonable damages, is entirely within your discretion?

LAW OFFICES OF BAIO & ASSOCIATES, P.C.

15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

## Defendant's
## Proposed Voir Dire Questions

(1)  This is a lawsuit for civil rights violations brought by the plaintiff against an East Hartford police officer. Is there any reason why you would have difficulty being completely neutral and fair in deciding this case if you are chosen to serve on the jury?

(2)     Is there anyone here who would prefer not to serve on a jury concerning a case of this kind?

(3)     Have you or anyone else close to you been employed as a police officer or by any law enforcement agency in any capacity?  If so, please explain.

(4)     Have you or anyone close to you ever been employed by any municipality in the State of Connecticut?  If so, please explain.

(5)     Do you know or have you read anything or heard anything about this case, the plaintiff or the defendant or any of the lawyers involved in this case?

(6)     Has anyone here or anyone close to you ever been employed by an attorney?

(7)     Would you for any reason tend to favor one side or the other in this case or in regard to the evidence that may be presented?

(8)     Other things being equal, would you tend to trust or believe the testimony of a police officer more or less than that of an ordinary citizen merely because the testimony came from a police officer?

(9)     Does anyone here have any feeling that the testimony of a police officer is entitled to greater or lesser weight or believability than that of a civilian?

(10)    Have you or anyone close to you ever been the victim of a crime?

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

(11)    Does anyone here belong to any club or organization which in any way is interested in the enforcement or the change of any law or laws or which is in any other way concerned with policemen or law enforcement?

(12)    Have you or anyone close to you ever been arrested?

(13)    Has anyone here ever witnessed an arrest?

(14)    Have you, or has anyone close to you, ever been a party to a lawsuit?  If so, please explain.

(15)    Are there any circumstances where you think it might make sense for a citizen to refuse to follow the orders of a police officer?  What are they?

(16)    Would you tend to feel that the best approach would be to follow a police officer's orders and ask questions later or to ask questions right away if you thought the officer was mistaken?

(17)    What are your impressions about the dangers of police work, if any?

(18)    What contact have you had with police officers or other law enforcement officers during your lifetime?

(19)    How would you characterize your past experiences with police officers, if any?

(20)    What have you read or heard about incidents where police have been alleged to have used excessive force?

(21)    What is your immediate reaction when you hear that someone is charging the police with brutality?

(22)    Have you or anyone close to you ever been involved in any type of a dispute with a police officer?

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**

15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

(23)    Do you feel that citizens that believe that they have been treated illegally and unfairly have a right to bring a lawsuit against police officers?

(24)    Do you have any problems with the idea of an ordinary citizen suing a police officer because of actions the police officer claims he took in the line of duty?

(25)    Please tell me about the contacts that you have had with African-Americans in your life, if any?

(26)    Have you ever had any negative experiences with African-American individuals?

(27)    How much of a problem do you think that racial discrimination is today in our country?

(28)    Have you or someone you know ever been discriminated against because of issues of race, ethnic background, gender, or religion?  Please explain.

(29)    Have you ever been in a situation which you felt racial tension?  Please explain.

(30)    Have you ever felt afraid of someone of a race other than your own?  Please explain.

(31)    Do you have an opinion about the concept of reverse discrimination?  If so what is it?

(32)    Do you have an opinion about the concept of political correctness? If so, what is your opinion?

The defendant objects to the plaintiff's voir dire questions given that many of them contain subjective and prejudicial characterizations of the law, the incident, the plaintiff, and/or the defendant that simply reflect the plaintiff's allegations and not the facts as the jury may ultimately find them.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416380

## PLAINTIFF'S REQUEST TO CHARGE
## INSTRUCTIONS NO. 1

**General Instructions**

It must be clear to you by now that you're being called upon to resolve various factual issues raised by the parties.  In making these decisions, you should carefully scrutinize all the testimony of each witness the circumstances under which each witness testified, and other matters in evidenced which may help you decide the truth of each witness's testimony.

How do you determine where the truth lies?  You watched each witness testify.  Everything the witness said or did on the witness stand may count in your determination.  How did the witness appear, that is, what was his or her demeanor, his or her behavior, bearing and manner while testifying?  Often, it's not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

## **INSTRUCTION NO. 2**

**Fair Preponderance of the Evidence**

The plaintiffs must prove the material facts of their case by a fair preponderance of the evidence. A fair preponderance of evidence means this: They must prove them by the better and weightier evidence. You will take all the evidence that is offered here, and consider the various circumstances which are involved; you will weight them and balance them, and then if you find that the evidence fairly exceeds in weight them and balance them, and then if you find that the evidenced fairly exceeds in weight and influence in favor of the plaintiffs, they will have proved the particular is you have before you.

If the plaintiffs tip the scales ever so slightly in their favor, then they will be deemed to have proven their case. If, on the other hand, the evidence does not fairly exceed in weight and influence in their favor, if the better and weightier evidence does not seem to establish their position, they have failed in their duty to prove to you the facts upon which they rely; and in case it happens that the evidence is evenly balanced so that you cannot say it inclines this way or that way, then upon the issue in question your decision must be against the plaintiffs, because it is for them to prove it, and not for the defendants to disprove it.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

## INSTRUCTION NO. 3

**Circumstantial Evidence**

Now, generally speaking, there are two kinds of evidence from which a jury may properly find the truth as to the facts of the case. One is direct evidence such as testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, inferences, which may be drawn with reasonable certainty for proven facts.

An inference is a deduction of fact that may logically and reasonably be drawn from another fact or group of facts established by the evidence. For example, an illustration frequently given in law school concerning circumstantial evidence and inferences encompasses the following situation; a housewife goes to the store, leaving her cat in the locked kitchen, with a bowl of cream on the table. When she returned, she found that the cream had disappeared and the cat was sporting a whit mustache. Although there were no eyewitnesses, the lady could reasonably draw the inference from the circumstantial evidence of the case that the cat had drunk the cream.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

Evidence of this kind is just as good as direct testimony, but it must satisfy you. It must be a logical deduction, an inference, which you can say is reasonable in view of your experience as reasonable men and women and in view of the testimony and exhibits, offered in this case. It is a reasonable and logical deduction from the other facts, which you find existed and proven by a fair preponderance of the evidence. The plaintiffs must prove their case either by direct or circumstantial evidence.

### INSTRUCTION NO. 4

**Expert Testimony**

You have heard from several expert witnesses in this case. In weighing the credibility of the experts who testified in this case, you should apply the same standards to which any other witness is subjected. Ordinarily, the Rules of Evidence do not permit witnesses to testify as to opinion or conclusions. An exception is made with respect to expert witnesses.

An expert witness is a witness with specialized knowledge beyond that of the ordinary person whose testimony may help clarify a material fact or issue in the case.

This type of witness may state an opinion on relevant questions in his or her field of expertise. You should consider each expert opinion received in the evidence in this case

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

and give it such weight as you think it deserves.  Among other things, you may consider the amount of skill possessed by the expert, the experience he or she has had and the training he or she has had.  You should also consider the expert's manner of testifying.  Did he or she indicate care, skill, intelligence and candor?  Moreover, you should decide whether his or her opinion was based on sound, logical and rational reasons.

## INSTRUCTION NO. 5

**The Statute, Its Function and Elements of Claim for Relief**
**The Statute and Its Function**

The Plaintiff asserts claims under a federal civil rights law, 42 U.S. C. Section 1983. The statute provides a remedy for individuals who have been deprived of their federal constitutional rights under color of state law.  Section 1983 states in part that:

Every person who, under color of [state law], subjects or causes to be subjected any citizen of the United State or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and [federal] laws, shall be liable to the party injured [for damages]. Section 1983 creates a form of liability in favor of people who have been deprived of rights secured to them by the United Sates Constitution. It was passed by Congress to enforce the Fourteenth Amendment of the Constitution. The Fourteenth Amendment provides in relevant part that:

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

no state shall . . . deprive any person of life, liberty, or property, without due process of law nor deny to any person within its jurisdiction the equal protection of the laws.

Section 1983 itself does not establish or create any federally protected right. Rather, it is the statute that allows the plaintiff in this case to enforce rights guaranteed to her by the federal Constitution. Later in these instructions I will explain to you what these federal constitutional rights are, and what the plaintiff must show to demonstrate a violation of these rights.

To establish her claim under Section 1983, the plaintiff must demonstrate, by a preponderance of the evidence, the following three elements:

First, that the defendants' conduct was under color of state law;

Second, that this conduct deprived the plaintiff of a right protected by the Constitution of the United Sates [or a federal statute]; and

Third, that the defendants' conduct was a proximate cause of the injuries and damages sustained by the plaintiff.

I will explain each of these elements to you.

First Element:  Color of Law

As to the first element – whether the defendant was acting under color of state law– there is no dispute in this case that during the events in issue here the defendant as a

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

police officer was acting under color of law.  Therefore, you need not concern yourself with that element of the plaintiff's case.

Second Element: Deprivation of a Federal Right

The second element of the plaintiff's claim is that defendant's conduct deprived plaintiff of a federal right.  Plaintiff claims in this case that he was deprived of his right to be free of an unreasonable seizure under the Fourth Amendment to the federal Constitution.  I will explain the elements of the plaintiff's Fourth Amendment claim later in these instructions.

Third Element: Proximate Cause

The third element that plaintiffs must prove is that the defendant's conduct was a proximate cause of plaintiff's injury and damage.  Under Section 1983 the defendants are responsible for the natural consequences of their actions.  An act is a proximate cause if it was a substantial factor in bringing about the plaintiff's injuries.  You must determine whether injury or damage suffered by the plaintiff was a reasonably foreseeable consequence of the defendant's conduct.  An injury that is a direct result, or a reasonable probable consequence of a defendant's conduct, was proximately caused by that conduct. The question is whether a reasonable person would regard defendant's conduct as being a cause of the injury.  If so, the conduct is a proximate cause.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 415580

A proximate cause need not always be the nearest cause either in time or in location. In addition, the law recognizes that there may be more than one proximate cause of an injury. Many factors, or the conduct of two or more people, may operate at the same time, either independently or together, to cause an injury.

## INSTRUCTION NO. 6

**Excessive Force Arrest Claim**

Plaintiff claims that the defendant police officer violated his Fourth Amendment rights by using excessive and unreasonable force to arrest him. Plaintiff does not contest the legality of the arrest but does claim that excessive force was used where the plaintiff was unarmed, made no attempt to inflict physical injury to the defendant and was unable to inflict such injury after being sprayed with pepper spray. Plaintiff alleges that while suffering the asthma attack, the defendant maliciously hit the plaintiff from the rear and continued to beat him with fists and/or feet, and/or a flashlight. The plaintiff alleges that the officer beat him to the point that he suffered permanent and disabling injuries to his neck and knees. The defendant admits that he beat the plaintiff with fists but alleges that the force used was justified because the plaintiff resisted arrest by attempting to fight the officer.

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

The Fourth Amendment to the United States Constitution states there shall be no unreasonable seizures. An arrest is a seizure. A police officer may use reasonable force in making an arrest, but the Fourth Amendment prohibits the use of unreasonable force. Therefore, a persona has a constitutional right under the Fourth Amendment to be free of excessive force when arrested.

The Plaintiff claims that when the defendant arrested him, the defendant employed excessive force by beating him. The defendant denies that the beating was unreasonable or excessive.

Every person had the right not to be subjected to unreasonable or excessive force while being arrested by a law enforcement officer, even though the arrest itself is otherwise in accordance with the law. On the other hand, in making a lawful arrest police officers have the right to use such force as is necessary under the circumstances to effect the arrest, and at the same time to protect themselves or others from physical harm. Whether or not the force used in making an arrest was reasonable is an issue to be determined by you, on the basis of that degree of force a reasonable and prudent police officer would have applied in effecting the arrest, under the circumstances in this case.

In a case such as this, where the parties' factual contentions are disputed, you must determine what actually occurred, and how much force was used. The mere fact that the

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

evidence in this case establishes that there was some forcible contact between the Plaintiff and the Defendant would not be sufficient by itself to demonstrate that the Defendant violated the Plaintiff's constitutional rights. On the other hand, you may find that beating the Plaintiff without cause and while he suffered an asthma attack constituted unreasonable and excessive force that would render the Defendant liable.

The question before you is whether the actions of the Defendant policed officers on January 8, 2000, were objectively reasonable, meaning what a reasonably prudent police officer would have done under similar conditions in light of the facts and circumstances confronting the officer. You are to make this determination without regard to the police officers' underlying subjective intent or motivation. That means that "evil intentions" will not be considered excessive force if the force used was in fact reasonable. On the other hand, an officer's good intentions will not make the use of excessive force constitutional. The reasonableness of a particular use of force must be judged from the perspective of a reasonable police officer on the scene, rather than with 20-/20 vision of hindsight. In determining whether the force exercised was reasonable, you should consider the facts and circumstances as you find them to be, including the severity of the offenses at issue, whether the plaintiff posed an immediate threat to the safety of the police officers or others,

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

and whether the plaintiff was actively resisting arrest at the time the alleged excessive force was applied.

The Constitution must not be trivialized. Not every push or shove by a police officer, even if it may later seem unnecessary in the peace and quiet of this courtroom, constitutes excessive force. The concept of reasonableness makes allowance for the fact that police officers are often forced to make difficult split-second judgments in circumstances that are sometimes tense, uncertain, dangerous, and rapidly evolving, about the amount of force that is necessary in a particular situation.

If you find that the Defendants' use of force was reasonable, you must return a verdict for the Defendants. If you find that the Defendants' use of force was unreasonable, your verdict must be for the Plaintiff. In that case y9ou must then determine whether the Plaintiff's alleged injuries were proximately caused by the Defendants' use of excessive force.

However, if you find that the Plaintiff has failed to establish, by a preponderance of the evidence, either that the Defendants used excessive force in effecting the arrest, or that the excessive force caused plaintiff's injuries, then your verdict will be in favor of the Defendants.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

## **INSTRUCTION NO. 7**

**Excessive Force**

The plaintiff claims that Officer Henrickson violated his Fourth Amendment right to be free from unreasonable seizures by using excessive force in apprehending him on the morning of January 8, 2000. The Fourth Amendment protection against unreasonable seizures guarantees that every person has the right not to be subjected to unreasonable or excessive force while being restrained or taken into custody by a law enforcement officer.

A police officer may use only such force as is reasonably necessary under the circumstances that exist at the time of the restraint. The critical issue is whether the defendant police officer acted the way a reasonable police officer would have acted in the particular circumstances. You are not to consider the subjective good faith or bad faith of the defendant police officer. A police officer is justified in using physical force when and to the extent reasonably necessary to restrain an individual or to assure that person's continued custody. If a police officer exceeds the justifiable use of force, then that officer violates an individual's Fourth Amendment right to be free from unreasonable seizure. You need consider only whether Officer Henrickson acted reasonably in light of the facts and circumstances they encountered on the morning of January 8, 2000, without considering their underlying motives or intent.

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

What is unreasonable force?

It is force beyond that necessary or reasonably required to restrain an individual. Unreasonable force is a relative term, and you must take into account all of the circumstances surrounding the plaintiff's arrest.

In determining whether the constitutional line has been crossed, you must look to such factors as the need for the application of force, the relationship of the need and the amount of force that was used, and the extent of the injury inflicted.

In restraining an individual or taking an individual into custody, a police officer is not constitutionally required to be courteous. The use of minimal force is not uncommon or unusual in the course of restraining an individual. Not every push or shove violates a person's constitutional rights. In determining whether the amount of force used by Officer Henrickson was reasonable under the circumstances, you may take into consideration that police officers are often forced to make difficult split-second judgments in circumstances that are tens, uncertain and rapidly evolving.

On the other hand, where an individual does not represent danger to the arresting officer, the officer is not justified in using force that would likely result in physical injury or disability.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580