In sum, you are called upon to resolve the factual issue of whether defendant Officer Henrickson used unreasonable force in restraining Mr. Fann or whether as Officer Henrickson asserts that he used force that was at all times reasonable and justifiable under the circumstances.

## INSTRUCTION NO. 8

**No Specific Intent**

Section 1983 does not require the plaintiff to demonstrate that the defendant acted willfully or with specific intent to violate the plaintiff's federally protected rights. Nor does Section 1983 require the plaintiff to show that the defendant abused governmental power.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 414580

## INSTRUCTION NO. 9

**Action By Private Citizen Against Police Officers**
**All Persons Stand Equal Before The Law**

As you know this action was brought by a private citizen, Walter Fann, against a police officer of the Town of East Hartford. This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar station in life. All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

## INSTRUCTION NO. 10

**Police Officer and Civilian Witnesses**

You have heard the testimony of witnesses who are civilians and the testimony of witnesses who are police officers.

In evaluating this testimony, you are to apply the same standards of evaluation to each witness. You shall not give any greater or lesser weight to the testimony of a witness solely because of his occupation as a police officer.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

**INSTRUCTION NO. 11**

**Police Officer Witness – Bias**

Police officers testified at this trial. At the time of the occurrence involved in this case they were and some still are employees of the Town of East Hartford.

The fact that they were and still are employed by the defendant's police department may be considered by you in determining whether their testimony was in any way influenced by their employment relationship with the police department.

**INSTRUCTION NO. 12**

**State Law Claims Supplemental to 1983 Excessive Force Claim**
**STATE LAW CLAIMS**

I now turn to the plaintiff's state law claims against the defendant. We call these claims, "supplemental state law claims", because they are alleged in addition to the federal constitutional claims. These claims are not for deprivations of constitutional rights, but they are claims based on common law torts, namely, assault and batter, brought under state law principles.

In this case, the elements of these state law claims track the elements of the federal Section 1983 claims. They have generally similar elements. Bu the state claims have

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

certain differences in the "rights and obligations", which I will point out to you during these instructions.

I have already instructed you on the elements of the federal Section 1983 excessive force claims which the plaintiff must prove by a preponderance of th4e evidence. Now I will review the similar causes of action brought as supplemental state law claims.

**INSTRUCTION NO. 13**

**Proximate Cause**

Proximate cause means that the Defendants conduct must be a substantial factor in producing the plaintiff's injury.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

**INSTRUCTION NO. 14**

**Assault and Battery**

A civil assault is the intentional causing of imminent apprehension of harmful or offensive contact in another. Actual, physical contact is not necessary to prove assault. A battery is a completed assault. A defendant is liable for batter if he a) acts intending to cause harmful or offensive contact to another person and b) a harmful contact with the other person either directly or indirectly occurs. An assault and batter may be committed intentionally, recklessly or negligently.

**INSTRUCTION NO. 15**

**Intentional Infliction of Emotional Distress**

The plaintiff has alleged a cause of action for what is known as intentional infliction of emotional distress. In order to succeed on this claim you must find that the plaintiff has proven by a fair preponderance that the defendant intended to inflict emotional distress or that he or they knew or should have known that emotional distress would likely result from his or their conduct. Furthermore, the plaintiff is required to prove that the conduct was extreme and outrageous and the defendant's conduct was the proximate cause or legal

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

cause of the plaintiff's distress. The plaintiff must also establish that the emotional distress sustained by the plaintiff was severe. Here, the plaintiff alleged that the defendant acted with malice and bad faith and with reckless disregard for the consequences of his actions and thereby caused the plaintiff to experience extreme emotional distress. The plaintiff claims that he suffered mental and emotional distress and anguish as a result of this conduct. If you find that the plaintiff has proven by a fair preponderance that he suffered extreme emotional distress under the law which I have just state to you then you may award damages are fair, just and reasonable to compensate the plaintiff for his injuries.

**INSTRUCTION NO. 16**

**Negligent Infliction of Emotional Distress**

In the alternative, the plaintiff in this case has also claimed the defendants are responsible for negligent infliction of emotional distress. In order to prevail on a claim of negligent infliction of emotional distress, the plaintiff must prove by a fair preponderance that the defendant should have realized that his conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm. The fear or distress experienced by the plaintiff must be reasonable in light of the conduct of the defendants. If such a fear were reasonable in light of the defendant's

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416[illegible]80

conduct, the defendants should have realized that his conduce created an unreasonable risk of causing distress, and he, therefore properly would be held liable.

**INSTRUCTION NO. 17**

**Recklessness**

In addition to claiming a recovery on the ground of negligence, the plaintiff also alleges that his injuries were caused by the reckless, wanton and willful misconduct of the defendants. The amount of damages to which he would be entitled if he has proved a cause of action resting on negligence are the same as they would be if he had proved a cause of action based on such misconduct, and you may wonder why he should allege both causes of action. The reason is this: As I have told you, even if the plaintiff proved that the defendants were negligent, he still could not recover if you find that he was himself guilty of negligence which contributed to producing his injuries more than 50%.

On the other hand, if the plaintiff has proved a cause of action based on reckless, wanton or willful misconduct, he is still entitled to recover, although he was himself guilty of mere negligence contributing to the injury. His own misconduct would defeat his right to recover only if it was in itself reckless, wanton or willful, and as such contributed to produce his injuries.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

**DAMAGES**
**INSTRUCTION NO. 18**

**Compensatory or Actual Damages**
**Damages-Generally**

If you find that the plaintiff is entitled to recover against any defendant, then you will have to determine the amount of damages that will fairly and reasonably compensate him for those injuries that you find the plaintiff has sustained as a result of any of his federal Section 1983 claims and accompanying state law claims.

It is for you to decide on the evidence, and the law as I have instructed you, whether the plaintiff is entitled to recover from any of the defendants. If you have decided that he is not entitled to recover, will you consider the amount of damages to be awarded.

I instruct you that an attorney's statement to you of the amount that you should return in your verdict as a formula to use in calculating damages is not evidence and it is not binding upon you. It is a lawyer's statement. However, if you find such analysis useful, you may consider it as a suggested analysis or guideline. Ultimately, it is your sole and exclusive function to determine the sum of money that will justly and fairly compensate the plaintiff for any injuries and damages you find he sustained. You will make that determination from the evidence this case, based on the law I will give you.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

**Causation and Damages**

If you find any defendant liable, you may award damages only for those injuries that you find the plaintiff has proven, by a fair preponderance of the evidence, to have been the direct result of the conduct of the defendant with regard to a federal Section 1983 violation. You must distinguish between, on the one hand, the existence of a violation of the plaintiff's rights and, on the other hand, the existence of injuries and damages naturally resulting from those violations. Thus, even if you find for the plaintiff on any of his claims, you must ask yourself whether the plaintiff has also proven, by a preponderance of the evidence that the violation of his rights caused the injuries and damages that he claims to have suffered.

**Actual or Compensatory Damages**

In considering an award of damages, your first task is to determine the amount of actual or what the law calls "actual" or "compensatory" damages allegedly sustained by the plaintiff. You should award the plaintiff an amount that justly and fairly compensates him for any injuries and damages you believe he actually sustained as a direct consequence of the conduct of a defendant.

Actual or compensatory damages may include damages only for injuries that you find to have been proximately caused by acts for which you find the defendant to be liable. In this regard there are eight claims for which y9ou can award compensatory damages:

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 41[illegible]580

namely the Section 1983 unreasonable force claim, negligence, assault and battery, intentional infliction of emotional distress, negligent infliction of emotional distress, recklessness, and violation of the Connecticut Constitution Article First Section 7.

If you find for the plaintiff with respect to any of these claims, you should award a sum of money that will compensate the plaintiff for any actual injury he suffered.

In the unreasonable force claim, the plaintiff claims damages for his physical injuries, emotional distress, and medical expenses as a result of the unreasonable force used against him, from the time of the incident, on January 8, 2000 to the present time and in the future as well as damages for personal injuries such as his partial but permanent disabilities, "hedonic" damages of loss of dignity from the beating. While not exhaustive, some examples of these injuries include ill health, physical pain, disability, discomfort, fear, humiliation, mental anguish and taking into consideration the extent and duration and whether the plaintiff has or will with reasonable certainty, suffer these injuries in the future. Also, you must take into consideration the violation of the plaintiff's constitutional right to be free from unreasonable seizure.

As to the Unreasonable Force Claim

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

As to the claim based on unreasonable force, if you find in favor of the plaintiff, you will fix one lump sum that will justly and fairly compensate him, individually, for all the injuries you find he sustained, as follows:

First, you must include in your verdict an award for all the injuries, including pain and suffering that you find the plaintiff has sustained as a result of this incident to date, if any and which he is reasonably anticipated to suffer for the remainder of his expected life.

Second, you must include an award for any mental or emotional distress on the plaintiff's part which you find resulted from the personal injuries sustained in the incident, if any, and which he is reasonably anticipated to suffer for the remainder of his expected life.

Third, you must include an award for any loss of earning that you find were caused by the injuries sustained in this incident.

Fourth, if you find that medical expenses were reasonably incurred by the plaintiff as a result of injuries sustained in this incident, you must award such expenses, if any for which he is reasonably anticipated to suffer for the remainder of his expected life.

Fifth, if you find that any of his injuries of the plaintiff are permanent, you must make such allowance in your verdict as you think that circumstance warrants, taking into consideration the period of time that has elapsed from the date of the injury, to the present time, and the period of time that the plaintiff can be expected to live.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 41[illegible]580

In this connection, I instruct you as to permanency, that the plaintiff at age 43 can be expected to live for 34 more years according to the most recent life expectancy table published by the United States Government. These tables are, of course, nothing more than statistical averages. They neither assure the span of life that I have given you, nor assure that the span of the life of the plaintiff will not be greater. The life expectancy figure I have given you is not binding upon you. But it may be considered by you, together with your own experience and the evidence you have heard concerning the condition of the plaintiff's health, and his habits and activities in determining the present life expectancy of the plaintiff.

**Punitive Damages**

In addition to either actual or compensatory damages, the law permits the jury, under certain circumstances, to award the injured person punitive dames, in order to punish the wrongdoer for some egregious misconduct indicating a reckless disregard for the rights of either or both of the plaintiffs, and to serve as an example or warning to the defendant, Henrickson and others not to engage in that conduct in the future.

If you find from a preponderance of the evidence that the plaintiff is entitled to a verdict for actual damages, any you further find that the conduce of the defendant, which proximately caused injury or damage to the plaintiff, was done maliciously, or wantonly, or

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 415580

oppressively, then you may add to the award of actual or nominal damages in such amount, as you agree to be proper, as punitive damages.

An act or a failure to act is "maliciously" or "recklessly" done, if prompted or accompanied by ill will, or spite, or grudge, either toward the plaintiff individually, or toward all persons in the group or category of which the injured person is a member.

An act or a failure to act is "wantonly" done, if done in reckless or callous disregard of, or indifference to, the rights on one or more persons, including the plaintiffs.

An act or a failure to act is, "oppressively" done, if done in a way or manner that injures, or damages, or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness or misfortune of the plaintiff.

If you find, from a preponderance of the evidence in the case, that the defendants' conduct, which proximately caused actual or nominal damage to the plaintiff, was done maliciously, or wantonly, or oppressively, it is within your discretion to decide whether to award punitive damages. However, such extraordinary damages may be allowed only if you should find unanimously award the plaintiff a verdict for either compensatory damages or nominal damages.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

The amount of any punitive damages awarded must be fixed with calm discretion and sound reason, and must never be awarded, or fixed in amount, because of any sympathy, or bias or prejudice with respect to any party in the case.

It is entirely up to you to decide whether or not punitive damages should be awarded. In this respect you have considerable discretion. You may decide that even though compensatory damages or nominal damages have been awarded, you believe that no punitive damages are called for.

I can give you no objective yardstick for measuring punitive damages. You will have to use your own common sense and experience and determine what amount would be appropriate to punish the defendants and to create a deterrent example. The amount of punitive damages should be fair and reasonable. It should take into account the degree of reprehensibility of the defendants' conduct and the relationship to the actual harm inflicted on the plaintiff. It should be proportionate to the need to punish the defendant and to deter him and others from like conduct; it should not be based on whim or on unrestrained imagination.

The extent to which a particular sum of money will adequately deter or prevent future misconduct, may depend upon the financial resources of the defendant against whom or which damages are awarded. Therefore, if you find that punitive damages should be

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

awarded against the defendant, you may consider the financial resources of the Defendant infixing the amount of such damages.

**The defendant objects to the plaintiff's Requests to Charge and submits the following proposed jury instructions relying on the authorities cited therein.**

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

## BURDEN OF PROOF ON 42 U.S.C. SECTION 1983 ELEMENTS

The plaintiff has the burden of proving each element of his 1983 claim by a preponderance of the evidence. Preponderance of the evidence means that it is more likely than not that the fact occurred.

Thus, in order to prevail on each of his separate claims, the plaintiff must persuade you that it is more likely than not: first, that the conduct complained of was committed by a person acting under color of state law; second, that the conduct deprived the plaintiff of a right protected by the federal Constitution; and third, that the defendant's conduct was the proximate cause of the injuries and damages, if any, sustained by the plaintiff.[1]

In order for a plaintiff to prove that he was deprived of a right secured by the Constitution of the United States, he must show by a fair preponderance of the evidence that the defendant did indeed commit the acts alleged on the plaintiff, that the acts caused the plaintiff to suffer the loss of a Constitutional right and that in performing the acts alleged, the defendant acted intentionally or recklessly.[2] In order to establish a claim under

---

[1] Schwartz & Pratt, Section 1983 Litigation Jury Instructions, (Vol. 4, 2001 Supplement) §3.03.1; Wright & Ankerman; Conn. Jury Instructions, (4th Ed.), §690.

[2] Daniels v. Williams, 474 U.S. 327, 330 (1986). Board of County Com'rs of Bryan County Okl. v. Brown, 520 U.S. 1283, 1388-1389 (1997). Wright & Ankerman; Conn. Jury Instructions, (4th Ed.), §690.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 418580

the pleadings in this case, the plaintiff must show that the defendant he brought a claim against acted intentionally or recklessly. An act is intentional if it is done with knowledge that it is likely that it will violate a Constitutional right. An act is reckless if it is done in conscious or heedless disregard of its known probable consequences. In determining whether the defendant acted with the requisite recklessness or intent, you should remember that while a witness may see and hear evidence and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what the people involved said was in their minds, and your belief or disbelief with respect to those facts. Even if you found that the defendant or defendants acted intentionally or recklessly, the defendants would not be legally liable unless such conduct was a legal cause or substantial factor in bringing about the damage to the plaintiff. The plaintiff must also prove that the defendants' acts were the proximate cause or substantial factor in the damages claimed.[3]

If you find that the plaintiff has proven all three elements of his claim by a preponderance of the evidence with respect to a particular defendant whom you are considering separately, you should find that defendant liable. If you find that the plaintiff

---

[3] Wright & Ankerman; Conn. Jury Instructions, (4th Ed.), §690.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

has not proven any one of these elements with respect to a particular defendant you are considering, then you must find that defendant not liable and return a verdict for him.[4]

[4] Schwartz & Pratt, Section 1983 Litigation Jury Instructions, (Vol. 4, 2001 Supplement) §3.03.1.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

## EXCESSIVE FORCE

The plaintiff claims that he was subjected to excessive force by the defendant while he was being arrested and claims that his Constitutional rights were violated. He brings this claim under a federal law, 42 U.S. Code § 1983, that provides that a person acting under color of state law who violates a person's rights under the United States Constitution can be held liable for money damages to the person whose rights he/she has violated.

In order to prove this claim, the plaintiff must prove:

First, that the defendant was acting under color of state law.

Second, that the defendant engaged in actions that deprived him/her of his/her constitutional right not to be subjected to use of excessive force, and

Third, that the defendant's acts were the proximate cause of the injuries or losses claimed by the plaintiff.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 415580

As to the first element, police officers get their authority under state law so they are acting under color of state law when they act in their capacity as police officers.

With regard to the second element, you are instructed that every person has the right not to be subjected to unreasonable or excessive force while being arrested by a law enforcement officer even though the arrest itself is otherwise made in accordance with the law. On the other hand, in making a lawful arrest police officers have the right to use such force as is necessary under the circumstances to effect the arrest and at the same time to protect themselves and others from physical harm. Whether or not the force used in making an arrest was unreasonable is an issue to be determined by you, the jury, on the basis of that degree of force a reasonable and prudent police officer would have applied in effecting the arrest, under the particular circumstances in this case.

In a case such as this, where the parties' factual contentions are disputed, you must consider the questions of what events occurred, and how much force was used. The mere fact that the evidence establishes that there was some forcible contact between the plaintiff and the defendant would not be sufficient in and of itself to establish that the defendant violated the plaintiff's constitutional rights.

The question before you is whether the actions of the defendant on January 8, 2000 were objectively reasonable, meaning what a reasonably prudent police officer

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

would have done under similar circumstances in light of the facts and circumstances confronting him, without regard to his underlying intent and motivation. That means that a police officer's "evil intentions" will not be considered excessive force if the force used is in fact reasonable under the circumstances. On the other hand, an officer's "good intentions" will not make excessive force constitutional. The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. In determining whether the force used was reasonable, you should consider the facts and circumstances confronting the defendant officer, including the severity of the offenses at issue, whether the plaintiff posed an immediate threat to the safety of the police officers or others and whether the plaintiff was actively resisting arrest at the time the alleged excessive force was applied.

Now, the Constitution must not be trivialized. Not every push or shove, even if it may later seem unnecessary in the peace and quiet of this courtroom, constitutes excessive force. The concept of reasonableness makes allowance for the fact that police officers are often forced to make difficult split second judgments in circumstances that are tense, uncertain, dangerous, and rapidly evolving, about the amount of force that is necessary in a particular situation.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 418580

The third element that the plaintiff must establish is that the defendant's use of force was the proximate cause of the injuries or losses that the plaintiff sustained. An injury or loss is proximately caused by an action if that action was a substantial factor in bringing about the injury or the loss. The injury or loss must also be either a direct result or a reasonably probable consequence of the act of the defendant. In other words, the plaintiff must satisfy you that his/her injuries or losses were the natural and probable consequence of the defendant's acts, and that the defendant ought to have foreseen that injury or loss was likely to result from such acts.

In sum, if you find that the plaintiff has established, by a preponderance of the credible evidence, that the defendant used excessive force in placing him under arrest, then the plaintiff is entitled to recover from the defendant for any injuries and damages proximately caused by the excessive force.

However, if you find that the plaintiff has failed to establish, by a preponderance of the evidence, that the defendant used excessive force in effecting the arrest, then your verdict will be in favor of the defendant on the plaintiff's Section 1983 cause of action alleging excessive force.[5]

[5] Schwartz & Pratt, Section 1983 Litigation Jury Instructions, (Vol. 4, 2001 Supplement) §7.01.4; Graham v. Connor, 490 U.S. 386, 397 (1989); U.S. Constitution, Amendment IV.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 415580

**ASSAULT AND BATTERY**

The defendant requests that the assault and battery charge include the following language:

If you should find that the plaintiff has proven the elements of his assault and battery claim, you must then decide whether the plaintiff has proven his affirmative defense of self-defense. The defendant claims that the plaintiff physically resisted arrest and provoked a physical altercation with him. He further claims that any force he used was reasonable and used in self-defense in response to the plaintiff's use of force against him. An individual is privileged to use reasonable force, not intended or likely to cause death or serious bodily harm, to defend himself against unprivileged, harmful or offensive contact or other bodily harm which he reasonably believes that another is about to inflict intentionally upon him. If you should find that the plaintiff physically resisted arrest or that the defendant reasonably believed that the plaintiff was going to intentionally inflict bodily harm upon the defendant and you also find that Officer defendant used reasonable force to defend himself against the plaintiff you must find for the defendant on the plaintiff's assault and battery claim.[6]

[6] 2 Restatement (Second), Torts § 63, p.98 (1965).

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 418580

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The Plaintiff has alleged a cause of action for what is known as intentional infliction of emotional distress. In order to succeed on this claim you must find that the plaintiff has proven to you by a fair preponderance that the defendant intended to inflict emotional distress or that he knew or should have known that emotional distress would likely result from his conduct. Furthermore, the plaintiff is required to prove that the conduct was extreme and outrageous and that the defendant's conduct was the proximate cause or legal cause of the plaintiff's distress. The plaintiff must also establish that the emotional distress sustained by the plaintiff was severe. Here, the plaintiff alleges that the defendant acted with malice and bad faith and with reckless disregard for the consequences of his actions and thereby caused the plaintiff to experience severe emotional distress. If you find that the plaintiff has proven by a fair preponderance that he suffered extreme emotional distress under the law which I have just stated to you then you may award damages as are fair, just and reasonable to compensate the plaintiff for his injuries. If you find that the plaintiff has failed to meet his burden of proof regarding the elements of the claim then you must find for the defendant.[7]

---

[7] Wright & Ankerman; Conn. Jury Instructions, (4th Ed), §240.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 418580

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

The plaintiff has alleged a claim for what is known as negligent infliction of emotional distress. In order to prevail on this claim the plaintiff must first prove to you by a preponderance of the evidence that the defendant was negligent. If he does not prove that the defendant was negligent you must find for the defendant. If you find that the defendant was negligent then you must then determine whether or not the plaintiff suffered emotional distress. A defendant is not liable for emotional distress unless the defendant should have realized that his conduct involved an unreasonable risk of causing the distress, and from the facts known to him, should have realized that the distress, if it were caused might result in illness or bodily harm. The plaintiff must prove that the precise nature of the harm alleged by the plaintiff was foreseeable to the defendant. The plaintiff must also prove that a reasonable person would have suffered emotional distress that might result in illness or bodily harm.[8]

## COMPENSATORY, NOMINAL AND PUNITIVE DAMAGES

[8] Wright & Ankerman; Conn. Jury Instructions, (4th Ed), §240. Montinieri v. Southern N.E. Telephone Co., 175 Conn. 337, 341 (1978); Perodeau v. City of Hartford, 259 Conn. 729, 754-756 (2002).

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580