If you find that a plaintiff is entitled to recover against the defendant against whom he has made a federal section 1983 claim, then you will have to determine the amount of damages that will fairly and reasonably compensate him for those injuries that you find the plaintiff has sustained as a result of his federal Section 1983 claim.

Simply because I am giving you instructions on the subject of damages should not be construed by you as any indication that I believe you should find for the plaintiff. That is entirely up to you. I have to charge you on the law of damages in the event that in your deliberations you find that the plaintiff is entitled to recover. Only then do you have to know how to go about computing damages. Thus, in instructing you on damages, I am not expressing any views one way or the other as to whether the plaintiff should recover in this case.

It is for you to decide on the evidence, and the law as I have instructed you, whether the plaintiff is entitled to recover from either of the defendants. If you have decided that he is not entitled to recover, you should go no further. Only if you decide that he is entitled to recover, will you consider the amount of damages to be awarded.

I instruct you that an attorney's statement to you of the amount that you should return in you verdict is not evidence and it is not binding upon you. It is only a lawyer's statement. It is your sole and exclusive function to determine the sum of money that will justly and fairly compensate the plaintiff for any injuries and damages you find he sustained. You will make that determination only from the evidence in this case, based on the law I will give you, and not on the basis of an attorney's statement, claim or argument.

You may award damages only for those injuries that you find the plaintiff has proven, by a preponderance of the evidence, to have been the direct result of the conduct of a defendant with regard to a federal Section 1983 violation. You must distinguish between, on the one hand, the existence of a violation of the plaintiff's rights and, on the other hand, the existence of injuries and damages naturally resulting from the violation. Thus, even if you find for the plaintiff on any of his claims, you must ask yourself whether the plaintiff has also proven, by a preponderance of the evidence, that the violation of his rights caused the injuries and damages that he claims to have suffered.

In considering an award of damages, your first task is to determine the amount of actual or what the law calls "compensatory" damages allegedly sustained by the plaintiff.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 410580

You should award the plaintiff an amount that justly and fairly compensates him for any injuries and damages you believe he actually sustained as a direct consequence of the conduct of a defendant.[9]

Compensatory damages may include damages only for injuries that you find to have been proximately caused by acts for which you find the defendants to be liable. If you find for the plaintiff with respect to any of his claims, you should award a sum of money that will compensate the plaintiff for any actual injury he suffered. The plaintiff is not entitled to recover damages for personal injuries, emotional distress, or any other injury, based upon mere speculation and conjecture. Your verdict must be based on the evidence

In this case, the plaintiff claims damages for his physical injuries and for emotional distress. The measure of damages for pain, suffering and emotional distress is reasonable compensation to be fixed by the jury in the light of all the evidence in this case. We all know that the nature and degree of pain and mental distress differs widely from person to person. Consequently, the law does not try to fix, not does the law permit, a precise formula by which damages for pain or emotional distress may be properly measured and reduced to dollars and cents. Instead of providing a formula for measuring damages for pain and suffering and emotional distress, the law leaves the assessment of the monetary damages to the common sense and good judgment of you, the jurors. You are trusted to find a sum of money that you deem fair, reasonable, and adequate. And you must do so in the light of your common knowledge and general experience, and without regard to sentiment, or fanciful standards. In other words, without favor, without sympathy, and without any precise formula, you as jurors must arrive at a sum of money that will justly, fairly and adequately compensate the plaintiffs for the actual pain, suffering and emotional distress you find that he endured as a direct result of defendant's conduct.

In sum, your award should neither be excessive nor inadequate; it should be fair, just, and reasonable.[10]

You should not award damages more than once for the same injury. For example, if the plaintiff was to prevail on two claims and establish damages for the same injury under both claims, you could not award him damages on both of those claims. The plaintiff is

---

[9] Schwartz & Pratt, <u>Section 1983 Litigation Jury Instructions</u>, (Vol. 4, 2001 Supplement) §18.01.17.
[10] Schwartz & Pratt, <u>Section 1983 Litigation Jury Instructions</u>, (Vol. 4, 2001 Supplement) §18.01.17.

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

entitled to be made whole, but is not entitled to recover more than he lost. Of course, if different injuries are attributed to the separate claims, then you must compensate him fully for all of his injuries.[11]

Nominal damages are awarded when the plaintiff has been deprived by a defendant of a constitutional right, but has suffered no actual damages as a natural consequence of that deprivation. This is because merely suffering constitutional deprivation is an injury that must be recognized.

Therefore, if you return a verdict for the plaintiff on a federal Section 1983 claim, but find that the plaintiff has failed to prove, by a preponderance of the evidence, that he suffered any actual damages, then you must return an award of nominal damages not to exceed the sum of one dollar, on the particular claim.

In addition to either actual damages or nominal damages, the law permits the jury, under certain circumstances, to award the injured person punitive damages, in order to punish the wrongdoer for some extraordinary misconduct, and to serve as an example or warning to the defendant and others not to engage in that conduct.

If you find from a preponderance of the evidence that the plaintiff is entitled to a verdict for either actual damages or nominal damages, and you further find that the conduct of the defendant, which proximately caused injury or damages to the plaintiff, was done maliciously, or wantonly, or oppressively, then you may add to the award of actual or nominal damages such amount, as you unanimously agree to be proper, as punitive damages.

An act or a failure to act is "maliciously" done, if prompted or accompanied by ill will, or spite, or grudge, either toward the plaintiff individually, or toward all persona in the group or category of which the injured person is a member.

An act or a failure to act is "wantonly" done, if done in reckless or callous disregard of, or indifference to, the rights of one or more persons, including the plaintiff.

---

[11] Schwartz & Pratt, <u>Section 1983 Litigation Jury Instructions,</u> (Vol. 4, 2001 Supplement) §18.05.1.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

An act or a failure to act is "oppressively" done, if done in a way or manner that injuries, damages, or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness or misfortune of the plaintiff.

If you unanimously find, from a preponderance of the evidence in the case, that the defendant's conduct, which proximately caused actual or nominal damage to the plaintiff, was done maliciously, or wantonly, or oppressively, it is within your discretion to decide whether to award punitive damages. However, such extraordinary damages may be allowed only if you should first unanimously award the plaintiff a verdict for either compensatory damages or nominal damages.

The amount of any punitive damages awarded must be fixed calm discretion and sound reason, and must never be awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party in the case.

It is entirely up to you to decide whether or not punitive damages should be awarded. In this respect you have considerable discretion. You may decide that even though compensatory damages or nominal damages have been awarded, you believe that no punitive damages are called for.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 415580

I can give you no objective yardstick for measuring punitive damages. You will have to use your own common sense and experience and determine what amount would be appropriate to punish the defendants and to create a deterrent example. The amount of punitive damages should be fair and reasonable. It should take into account the degree of reprehensibility of the defendant's conduct and the relationship to the actual harm inflicted on the plaintiff. It should be proportionate to the need to punish the defendant and to deter him and others from like conduct; it should not be based on whim or on unrestrained imagination.[12]

---

[12] Schwartz & Pratt, Section 1983 Litigation Jury Instructions, (Vol. 4, 2001 Supplement) §18.01.17.

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 415580

## QUALIFIED IMMIUNITY

The defendant in this case has raised the defense of qualified immunity and are shielded from liability if:

1.    Their conduct did not violate clearly established constitutional rights or

2.    It was objectively reasonable for them to believe that their acts did not violate these rights. The defense of qualified immunity is applicable to situations such as this where there are allegations of excessive force.[13]

Qualified immunity focuses upon the objective reasonableness of the defendants' actions at the time they acted. Qualified immunity operates to protect police officers from the sometimes hazy border between the acceptable and unacceptable. This protection is essential to ensure that police officers will not shy from their socially critical duties for unnecessary fear of personal liability if, in hindsight, their reasonable judgment is mistaken. It's purpose is to ensure that officers are not held liable unless their conduct is clearly unlawful, in light of established prohibitions in the law.

---

[13] Oliviera v. Mayer, 23 F. 3rd 642, 648-650 (2d Cir. 1984), cert denied, 513 U.S. 1076 (1995)

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 419580

The qualified immunity doctrine therefore contemplates a margin of error. If an officer's judgment is within a range of reasonable police responses to the circumstances confronting him at that moment, then the officer will not be liable to the plaintiff. The qualified immunity doctrine protects all but the plainly incompetent and those who knowingly violate the law.

In order to impose liability for the plaintiff's claims, you must find that the conduct of the defendant was clearly unlawful, and that there existed no substantial grounds for the officer to conclude that there was legitimate justification for acting as he did. Even if you find that reasonable officers could disagree about whether the defendant's actions were or were not within bounds of appropriate police responses, then the officer is entitled to qualified immunity and your verdict must be for the defendant.[14]

---

[14] <u>Saucier v. Katz</u>, 533 U.S. 194 (2001); <u>Anderson v. Creighton</u>, 483 U.S. 635 (1987); <u>Malley v. Briggs</u>, 475 U.S. 335 (1986); <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982); <u>Warren v. Dwyer</u>, 906 F. 2d 80 (2d Cir. 1990); <u>Magnotti v. Kuntz</u>, 918 F. 2d 364 (2d Cir. 1990); <u>Robinson v. Via</u>, 821 F. 2d 913 (2d Cir. 1987).

88

### Negligence – Definition

Negligence is the violation of a legal duty which one person owes to another to care for the safety of that person or the person's property.

<u>Sharkey v. Skilton</u>, 83 Conn. 503, 508 (1910).

### Common Law Negligence Defined

Common law negligence is the failure to use reasonable care under the circumstances. Reasonable care is the care that a reasonably prudent person would use in the same circumstances.

<u>Hoelter v. Mohawk Services, Inc.</u>, 170 Conn. 495, 501 (1976).

### Reasonable Care

In determining the care that a reasonably prudent person would use in the same circumstances, you should consider all of the circumstances which were known or should have been known to the defendant at the time of the conduct in question. Whether care is reasonable depends upon the dangers that a reasonable person would perceive in those circumstances. It is common sense that the more dangerous the circumstances, the greater the care that ought to be exercised.

<u>Galligan v. Blais</u>, 170 Conn. 73, 77 (1976); <u>Pleasure Beach Park Co. v. Bridgeport Dredge & Dock Co.</u>, 116 Conn. 496, 503 (1933); <u>Geoghegan v. G. Fox & Co.</u>, 104 Conn. 129, 134 (1926).

LAW OFFICES OF BAIO & ASSOCIATES, P.C.

15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 411580

## Legal Cause

If you find that the defendant was negligent in any of the ways alleged in the plaintiff's complaint, you must next decide if such negligence was a legal cause of any of the plaintiff's claimed injuries. Legal cause has two components: cause in fact and proximate cause.

Doe v. Manheimer, 212 Conn. 748, 757 (1989)

## Cause in Fact

A cause in fact is an actual cause. The test for cause in fact is, simply, "Would the injury have occurred were it not for the defendant's negligence?" If your answer to the question is "yes," then the defendant's negligence was not a cause in fact of the plaintiff's injuries.

Doe v. Manheimer, 212 Conn. 748, 757 (1989); Shaughnessy v. Morrison, 116 Conn. 661, 666 (1933).

## Proximate Cause – Definition

Negligence is a proximate cause of an injury if it was a substantial factor in bringing the injury about.

Pilon v. Anderson, 112 Conn. 300, 301 (1930); Mahoney v. Beatman, 110 Conn. 184, 185 (1929).

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 4 6580

## Comparative Negligence

As I have explained, the plaintiff has claimed in part that the incident was caused by the defendant's negligence and the defendant has claimed that it was caused by the plaintiff's own negligence. If you find that negligence on the part of BOTH parties was a substantial factor in causing the incident, then the law is that the plaintiff can recover damages from the defendant only to the extent of the defendant's fault and may not recover damages to the extent that he himself was at fault.

If the plaintiff was more at fault than the defendant, then the plaintiff cannot recover any damages.

Here is an example to make this rule clear: If the plaintiff was 20% at fault and the defendant was 80% at fault, the plaintiff recovers 80% of his damages. If the plaintiff was 50% at fault and the defendant was 50% at fault, the plaintiff recovers 50% of his damages. However, if the plaintiff was more than 50% at fault, he was more at fault than the party he has sued, and he recovers no damages.

Just as an example, suppose the plaintiff's total damages were $100. If the plaintiff was 30% at fault and the defendant was 70% at fault, the plaintiff would recover 70% of the $100, or $70. The plaintiff would thus not receive payment for the part of his damages caused by his own negligence. Obviously, the numbers used are just for the sake of an example. I could have used $10,000 or $10 million.

State of Connecticut Judicial Branch Civil Jury Instructions.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 411580

## OPINIONS OF EXPERTS

In this case, you have heard several witnesses go up on the stand and state to you, not merely what they knew, but also what their opinion was as to certain circumstances. No matter what may be the expertness of the particular witness who states to you an opinion on a fact in the case, it is subject to be reviewed at your hands. It is in no way binding upon you. It is for you to consider it with the other circumstances in the case and, using your best judgment, determine whether you will give any weight to it. If so, you must determine what weight you will give to the testimony.

The weight to be accorded to the testimony of an expert witness depends upon your conclusion as to the proof and completeness of the facts considered by him in drawing his conclusions. You will determine whether the facts given by him were the true facts as you find them and also whether all the facts you find were made available to him and the history given to him.

Johnson v. Healy, 1983 Conn. 514, 516-517 (1981).

Smith v. Smith, 183 Conn. 121, 123 (1981).

Pisel v. Stamford Hospital, 180 Conn. 314, 344 (1980).

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

I instruct that you are under no obligation to credit the evidence offered by any witness including experts even if that evidence is uncontroverted. The acceptance or rejection of an opinion of an expert is a matter for you alone.

Johnson v. Healy, 1983 Conn. 514, 516-517 (1981).

Pisel v. Stamford Hospital, 180 Conn. 314, 344 (1980).

Mather v. Griffin Hospital, 207 Conn. 125, 145 (1988).

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

## GOVERNMENTAL IMMUNITY

Under Connecticut law the municipalities and their employees or agents, such as police officers, have immunity from liability for governmental acts involving the exercise of judgment or discretion. In the case the plaintiff alleges that the defendant through his acts and omissions was negligent. Acts or omissions of police officers in the exercise of their duties are discretionary in nature.

The immunity from liability for the performance of discretionary acts or omissions by a municipality or a municipal employee is subject to two exceptions or circumstances under which liability may attach even though the act was discretionary: First, where the circumstances make it apparent to the public officer that his or her failure to act may be likely to subject an identifiable person to imminent harm and second, where the alleged acts involved malice, wantonness, or intent to injure, rather than negligence.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 411580

If you should find that one of these exceptions does apply to the negligence claim of the plaintiff you are considering then you must find the defendant is not entitled to governmental immunity. If you should find that neither one of these exceptions applies to the plaintiff's negligence claim then you must find for the defendant on the plaintiff's negligence claim.[15]

---

[15] Elliot v. Waterbury, 245 Conn. 385, 411 (1998); Gonzalez v. City of Bridgeport, 9 Conn. L. Rptr. 202 (1993)(holding that the investigation of crimes and decisions to make arrests for them is clearly a discretionary rather than a ministerial function); Peters v. Town of Greenwich, 28 Conn. L. Rptr. 671 (2001); Iulo v. City of Milford, 3 Conn. L. Rptr. 65 (1990); Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 180 (1988); Coletosh v. City of Hartford, 24 Conn. L. Rptr. 399 (1999); Cook v. City of Hartford, 7 Conn. L. Rptr. 270 (1992); Purzycki v. Fairfield, 244 Conn. 101, 108 (1998); Evon v. Andrews, 211 Conn. 501 (1989); Shore v. Stonington, 187 Conn. 147 (1982); Colon v. City of New Haven, 60 Conn. App. 178, 180-181 (2000).

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

## DEFENDANT'S REQUEST FOR JURY
## INTERROGATORIES/PROPOSED VERDICT FORM

**A.    42 U.S.C. §1983: EXCESSIVE FORCE**

PART I:    Liability

1A.    Has the plaintiff proven by a preponderance of the evidence that the defendant deprived the plaintiff of his constitutional rights by using excessive force against the plaintiff on January 8, 2000?

_____ Yes    _____ No

If you answered "Yes" to Question 1A proceed to Question 1B.

If you answered "No" to Question 1A, proceed to Part III.

1B.    Has the defendant proven by a preponderance of the evidence that he is entitled to a defense of qualified immunity?

_____ Yes    _____ No

If you answered "Yes" to Question 1B, proceed to Part III.  If you answered "No" to 1B proceed to Part II.

PART II:    Damages

2A.    Has the plaintiff proven by a preponderance of the evidence that defendant's use of excessive force proximately caused him to suffer actual damages?

_____ Yes    _____ No

If "Yes" in what amount?

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

$ _____

If "No" what amount of nominal damages ($1 or less) do you award?

2B.    Has the plaintiff proven by a preponderance of the evidence that the defendant acted willfully, maliciously, wantonly or with reckless disregard for the plaintiff's constitutional rights?

_____ Yes    _____ No

If you answered "Yes" to Question 2B, answer Question 2C.  If you answered "No" to Question 2B, do not answer Question 2C.

2C.    State in dollars the amount of punitive damages, if any, the plaintiff is entitled to recover against the defendant?

$ _____

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 415580

**PART III:**

   If in Part I of the Verdict Form, dealing with Liability, you answered "No" to Question 1A, complete the defendant's verdict form below.  If in Part I you answered "Yes" to Question 1A and "Yes" to Question 1B, complete the defendant's verdict form below.

   In this case, the Jury finds the issues for the defendant.

                                    _____
                                              Foreperson

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

**B.**    **EQUAL PROTECTION CLAIM**

PART I:    Liability

    1A.    Has the plaintiff proven by a preponderance of the evidence that the defendant selectively treated the plaintiff as compared with others similarly?

_____ Yes    _____ No

    If you answered "Yes" to Question 1A proceed to Question 1B.

    If you answered "No" to Question 1A, proceed to Part III.

    1B.    Has the plaintiff proven by a preponderance of the evidence that defendant's selective treatment of the plaintiff was deliberately based on the plaintiff's race?

_____ Yes    _____ No

    If you answered "Yes" to Question 1B, proceed to Question 1C. If you answered "No" to 1B proceed to Part III.

    1C.    Has the Defendant proven by a preponderance of the evidence that on January 8, 2000 he would have taken the same actions against him regardless of his race?

_____ Yes    _____ No

    If you answered "Yes" to Question 1C, proceed to Part III. If you answered "No" to Question 1C, proceed to Part II.

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 411580

PART II:    Damages

2A.    Has the plaintiff proven by a preponderance of the evidence that Defendant's violation of his constitutional rights to equal protection of the law proximately caused him to suffer actual damages?

_____ Yes        _____ No

If you answered "Yes" in what amount?

$ _____

If "No" what amount of nominal damages ($1 or less) do you award?

$_____

2B.    Has the plaintiff proven by a preponderance of the evidence that the defendant acted willfully, maliciously, wantonly or with reckless disregard for the plaintiff's constitutional rights?

_____ Yes        _____ No

If you answered "Yes" to Question 2B, answer Question 2C.  If you answered "No" to Question 2B, do not answer Question 2C.

2C.    State in dollars the amount of punitive damages, if any, the plaintiff is entitled to recover against the defendant.

$_____

100

**PART III:**

If in Part I of the Verdict Form, dealing with Liability, you answered "No" to Question 1A, complete the defendant's verdict form below.  If in Part I you answered "Yes" to Question 1A and "No" to Question 1B, complete the defendant's verdict form below.  If in Part I you answered "Yes" to Questions 1A, 1B and 1C, complete the defendant's verdict form below.

In this case, the Jury finds the issues for the defendant.

                                    _____

                                      Foreperson

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**

15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

C.    **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

PART I:    Liability

    1A.    Has the plaintiff proven by a preponderance of the evidence that the defendant was negligent as alleged by the plaintiff and that his negligence was a proximate cause of any emotional distress suffered by the plaintiff?

        _____ Yes    _____ No

    If you answered "Yes" to Question 1A proceed to Question 1B.

    If you answered "No" to Question 1A, proceed to Part III.

    1B.    Has the defendant proven by a preponderance of the evidence that the defendant is entitled to the defense of governmental immunity?

        _____ Yes    _____ No

    If you answered "Yes" to Question 1B, proceed to Part III.  If you answered "No" to 1B proceed to Question 1C.

    1C.    Was the plaintiff contributorily negligent?

        _____ Yes    _____ No

    If you answered "Yes" to Question 1C, proceed to Question 1D.  If you answered "No" to Question 1C, proceed to Part II.

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**

15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

1D.   Was the plaintiff's negligence a proximate cause of any injury or damages suffered by the plaintiff?

_____ Yes          _____ No

Proceed to Part II.

PART II:    Damages

2A.   Taking the combined negligence that was a proximate cause in bringing about the plaintiff's injuries as 100%, what percentage of that negligence was attributable to the defendant and what percentage was attributable to the plaintiff?

Percentage of negligence attributable to the defendant.

_____ %

Percentage of negligence attributable to the plaintiff.

_____ %

If you find that the Defendant's negligence was less the 50%, proceed to Part III.  If you find that the Plaintiff's negligence was 50% or less fill in the following:

1.   Economic Damages                    $_____
2.   Non-Economic Damages                $_____
3.   Total Damages(combination of above)  $_____
4.   Total Damages x percentage of
     Defendant's negligence (from 2A above) $_____
5.   Verdict (repetition of 4 above)       $_____

LAW OFFICES OF BAIO & ASSOCIATES, P.C.

15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

**PART III:**

If in Part I of the Verdict Form, dealing with Liability, you answered "No" to Question 1A, complete the defendant's verdict form below.  If in Part I you answered "Yes" to Question 1A and "Yes" to Question 1B, complete the defendant's verdict form below.  If in Part II you found the Defendant's negligence was less than 50%, complete the defendant's verdict form below.

In this case, the Jury finds the issues for the defendant.

_____
Foreperson

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

**D.    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

PART I:     Liability

Has the plaintiff proven by a preponderance of the evidence that the defendant intentionally and proximately caused the plaintiff severe emotional distress?

_____ Yes          _____ No

If you answered "Yes" to Question Part I proceed to Part II.

If you answered "No" to Question Part I, proceed to Part III.

PART II:     Damages

2A.    Has the plaintiff proven by a preponderance of the evidence that the defendant proximately caused him to suffer damages?

_____ Yes          _____ No

If "Yes" in what amount?

$ _____

If you answered "Yes" to Question 2A, answer Question 2B. If you answered "No" to Question 2A, do not answer Question 2B.

2B.    State in dollars the amount of punitive damages, if any, the plaintiff is entitled to recover against the defendant.

$ _____

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

**PART III:**

     If in Part I of the Verdict Form, dealing with Liability, you answered "No" to Part I, complete the defendant's verdict form below.

     In this case, the Jury finds the issues for the defendant.

                _____
                      Foreperson

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**

15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

### Brief Description of Case

The plaintiff Walter Fann claims that his constitutional rights were violated by the defendant Officer Lawrence Henrickson during an arrest that occurred on January 8, 2000 in East Hartford, Connecticut. Officer Henrickson is and was a member of the East Hartford Police Department. The plaintiff is seeking compensatory and punitive damages.

The defendant denies these allegations made by the plaintiff and denies that the plaintiff is entitled to any damages. He has raised affirmative defenses in response to the allegations.

The plaintiff is represented by Attorney Kimberly Graham who practices law in Hartford. The defendant is represented by Attorney Andrew Dewey who practices law at the Law Offices of Baio & Associates in Rocky Hill, Connecticut.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 411580

Respectfully submitted this 16th day of September 2004.


Plaintiff,                                    Defendant,
Walter Fann                                   Officer Lawrence Henrickson,



BY: _____        BY: _____
   Attorney Kimberly A. Graham              Andrew M. Dewey
   621 Farmington Avenue                    Baio & Associates, P.C.
   Hartford, CT 06105                       15 Elm Street
   Tele: (860) 523-9306                     Rocky Hill, CT 06067
   Fax: (860) 523-1274                      Tele: (860) 571-8880
   Federal Bar No. ct 11920                 Fax: (860) 571-8853
   His Attorney                             Federal Bar No. ct07152
   E-mail: kimberly.a.graham@snet.net       His Attorney
                                            E-mail: adewey@baiolaw.com

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 410580