UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WALTER FANN | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CASE NUMBER: 302CV46 (MRK) |
| | : | |
| TOWN OF EAST HARTFORD, ET AL. | : | |
|     Defendants | : | SEPTEMBER 23, 2004 |

**DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S
SECOND AMENDED COMPLAINT**

## I.    PRELIMINARY STATEMENT

1.    As to that portion of paragraph 1 which reads "This is an action for money damages" the defendant does not have sufficient knowledge to admit or deny these allegations. The remainder of the allegations of paragraph 1 are denied.

2.    The allegations of paragraph 2 are denied.

## II.    JURISDICTION

3.    As the allegations contained in paragraph 3 are not factual but rather contain plaintiff's claims regarding jurisdiction, no response is required or made.

## III.    PARTIES

4.    The portion of the allegations in paragraph 4 that read "As a result of the beating described herein, Mr. Fann's neck, knee, ribs, legs and shoulders were injured" are denied. The portion of the allegations that state "He was totally disabled for a period of time, is now permanently and partially physically disabled and suffers with the emotional trauma of having been victimized by a police officer" is denied to the extent that the plaintiff claims that his situation is the result of a "beating" by the defendant. Otherwise, the

defendant does not have sufficient knowledge or information to admit or deny those specific allegations, and therefore leaves the plaintiff to his burden of proof. The defendant denies that the plaintiff was beaten and victimized by a police officer. As to the portion of the allegations of paragraph 4 that read "As a result of the beating he has also become the recipient of social security disability benefits" they are denied. As to the remaining allegations of paragraph 4 the defendant does not have sufficient knowledge or information to admit or deny these allegations, and therefore leaves the plaintiff to his burden of proof.

     5.     So much of paragraph 5 that states "During all times mentioned in this complaint, the defendant, Officer Lawrence Henrickson, Badge #238, was a duly appointed officer in the police department of the Town of East Hartford, CT and was acting in such capacity as an agent, servant and employee of the Town of East Hartford and its police department ," is admitted. As to the remaining allegations of paragraph 5, the defendant is without sufficient knowledge or information thereof to form a belief as to the truth of said allegations and, therefore, leaves the plaintiff to his burden of proof.

## IV.    FACTS

     6.     So much of paragraph 6 that states "On or about January 8, 2000, at approximately 12:45 a.m. the defendant Henrickson was on duty as a police officer in the employ of the Town of East Hartford" is admitted. The remaining allegations of paragraph 6 are denied.

     7.     The allegations of paragraph 7 are denied.

     8.     As to that portion of the allegations of paragraph 8 that states "Mr. Fann was, at all times, unarmed" the defendant does not have sufficient knowledge or information to admit or deny those allegations, and therefore he leaves the plaintiff to his burden of proof. The remaining allegations of paragraph 8 are denied.

     9.     The allegations of paragraph 9 that state "After Henrickson beat Mr. Fann" are denied. The defendant admits that the plaintiff was transported to Hartford Hospital. As to the remaining allegations contained in paragraph 9 the defendant does not have sufficient knowledge or information to admit or deny those allegations, and therefore he leaves the plaintiff to his burden of proof.

10. As to the allegations of paragraph 10 that state "After being discharged from Hartford Hospital, Mr. Fann was returned to the custody of the East Hartford Police Department and charged with Burglary, Criminal Mischief, Possession of Burglary Tools and Interfering with an Officer" they are admitted. To the extent that the plaintiff claims via the allegations of paragraph 10 that he was returned directly to the custody of Officer Henrickson at Hartford Hospital after his discharge from the hospital those allegations are denied. Otherwise, given the ambiguity of the specific allegations pertaining to Officer Henrickson in paragraph 10, the defendant has insufficient knowledge or information to admit or deny those allegations and therefore leaves the plaintiff to his burden of proof.

11. The portion of the allegations contained in paragraph 11 that state "after the beating by Officer Henrickson" are denied. As to the remaining allegations contained in paragraph 11 the defendant does not have sufficient knowledge or information to admit or deny those allegations, and therefore he leaves the plaintiff to his burden of proof.

12. As to the allegations contained in paragraph 12 the defendant does not have sufficient knowledge or information to admit or deny those allegations, and therefore he leaves the plaintiff to his burden of proof.

13. The allegations of paragraph 13 are denied.

14. The allegations of paragraph 14 are denied.

15. The allegations of paragraph 15 are denied.

## V. **CLAIMS FOR RELIEF**

First Claim for Relief – Excessive Force

The defendant's responses to paragraphs 1-14 are incorporated by reference as if fully set forth herein.

16. The allegations of paragraph 16 are denied.

17. The allegations of paragraph 17 are denied.

18. The allegations of paragraph 18 are denied.

19. The allegations of paragraph 19 are denied.

Third Claim for Relief – Equal Protection Claim

20. The defendant's responses to the allegations of paragraphs 1-18 are incorporated by reference as if fully set forth herein.

21. The allegations of paragraph 21 are denied.

22. The allegations of paragraph 22 are denied.

Fourth Claim for Relief – Assault and Battery

23. The defendant's responses to the allegations of paragraphs 1-20 are incorporated by reference as if fully set forth herein.

24. The allegations of paragraph 24 are denied.

25. The allegations of paragraph 25 are denied.

Fifth Claim for Relief – Intentional Infliction of Emotional Distress

The defendant's responses to the allegations of paragraphs 1-24 are incorporated by reference as if fully set forth herein

26. The allegations of paragraph 26 are denied.
27. The allegations of paragraph 27 are denied.
28. The allegations of paragraph 28 are denied.

Sixth Claim for Relief – Negligent Infliction of Emotional Distress

     29.    The defendant's responses to the allegations of paragraphs 1-27 are incorporated by reference as if fully set forth herein.

     30.    The allegations contained in paragraph 30 are denied.

Case 3:02-cv-00046-MRK     Document 45     Filed 09/24/2004     Page 5 of 9

## **AFFIRMATIVE DEFENSES**

<u>First Affirmative Defense</u>

The actions and conduct of the defendant were objectively reasonable under the circumstances of which he was aware and/or he was in the exercise of his discretion, and he is therefore entitled to qualified immunity.

<u>Second Affirmative Defense</u>

The actions and conduct of the defendant did not violate any clearly established state or federal constitutional or statutory rights of which the defendant should have been reasonably aware, and he is therefore entitled to qualified immunity.

<u>Third Affirmative Defense</u>

The plaintiff physically resisted arrest and any force used by the defendant was used in self-defense and was lawful.

<u>Fourth Affirmative Defense</u>

The plaintiff's second amended complaint fails to state a claim upon which relief can be granted.

<u>Fifth Affirmative Defense</u>

The plaintiff's claims are barred by the doctrine of governmental immunity.

Sixth Affirmative Defense

None of the alleged actions taken by the defendant were the proximate cause of the plaintiff's alleged injuries and/or emotional distress.

Seventh Affirmative Defense

1. At the time of the acts complained of, the plaintiff was negligent and his negligence was a proximate cause of any injuries, damages or losses claimed.

2. Plaintiff's negligence was of a sufficient degree as to constitute a bar or proportionally reduce his claims, pursuant to §52-572(h) of the Connecticut General Statutes:

3. The plaintiff was negligent in one or more of the following respects:

    a. he failed to maintain a reasonable and proper lookout at said time and place;

    b. he failed to be watchful of his surroundings and his footing;

    c. he failed to exercise reasonably his faculties and senses at said time and place;

    d. he physically resisted the defendant's efforts to arrest him, although he knew or should have known that the exercise of reasonable care required not doing so;

    e. he failed to cease physically resisting arrest upon being requested to do so by the defendant although he knew or should have known that the exercise of reasonable care required doing so;

    f.    he voluntarily committed criminal offenses thereby necessitating the involvement of the defendant police officer, he attempted to evade his arrest for those criminal offenses, and chose by his words and/or his conduct to pose a threat to the safety of the defendant officer, although the exercise of reasonable care required not doing so.

<u>Eighth Affirmative Defense</u>

The defendant claims an entitlement to any and all applicable set offs pursuant to C.G.S. §38a-836, et. seq.

            Defendant Lawrence Henrickson

BY:_____
    Andrew M. Dewey
    Baio & Associates, P.C.
    15 Elm Street
    Rocky Hill, CT 06067
    Tele: (860) 571-8880
    Fax: (860) 571-8853
    Federal Bar No. ct07152
    His Attorney
    Email adewey@baiolaw.com

**CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 23rd day of September 2004 to all counsel of record as follows:

Attorney Kimberly A. Graham
621 Farmington Avenue
Hartford, CT 06105

                                              Andrew M. Dewey